J-S23030-14

2014 PA Super 190

| DONG YUAN CHEN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEFFAR SAIDI | |
| Appellant | No. 2405 EDA 2013 |

Appeal from the Order Entered July 26, 2013
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 04-09396

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and WECHT, J.

OPINION BY LAZARUS, J.:                    **FILED SEPTEMBER 02, 2014**

Jeffar Saidi (Husband) appeals from the order entered in the Court of Common Pleas of Montgomery County distributing the parties' marital property and awarding counsel fees to Dong Yuan Chen (Wife).  After our review, we affirm in part and reverse in part.

The trial court set forth the facts underlying this appeal as follows:

This action began with the commencement of a Complaint in Divorce on May 5, 2004 and has a nine-year history with the filing of petitions in support, custody, contempt, and appeals. For purposes of this instant appeal, on February 6, 2013, a Master's Report, Decision and Judgment upon Equitable Distribution, Alimony, Counsel Fees and Costs was entered which recommended that judgment be entered in favor of [Wife] and against [Husband] in the amount of $30,382.50 ($5,000 of which was for attorneys' fees and costs). (Decision and Judgment Upon Equitable Distribution, Alimony, Counsel Fees and Costs, 2/6/13, p. 10).  This award represented counsel fees to [Wife] and one-half of [Wife's] marital share.  *Id.* at 9-10. Thereafter, on February 8, 2013, [Husband] filed timely exceptions to the Master's Report dated February 6, 2013. (Support Exceptions, 2/8/13).

On June 14, 2013, [the trial] court issued an order ruling that the parties' August 22, 2011, Agreed Order legally binds the parties to the Master's Report dated February 6, 2013 and that said Agreed Order was non-modifiable by [the trial] court. Subsequently, [the trial] court issued its above-mentioned July 25, 2013 Order and Decree in Divorce. In response to these orders filed on July 25, 2013, [Husband] filed a Motion for Reconsideration on August 2, 2013 arguing that [he had the right to file exceptions] despite the parties' Agreed Order, and that [the trial] court's imposition of attorneys' fees in favor of [Wife] was improper. In response, [the trial court] issued an Order ruling on [Husband's] Motion for Reconsideration on August 19, 2013 which denied said motion. However, [the trial court concluded] the parties were still bound to the terms of the Master's Report as a result of the August 22, 2011 Agreed Order.

Trial Court Opinion, 10/17/2013, at 1-2.

Husband filed a notice of appeal on August 19, 2013 and a concise statement of errors complained of on appeal on August 30, 2013. He raises the following three issues:

1) Did the trial court err as a matter of law or abuse its discretion when it determined that Husband, pursuant to the August 22, 2011 Agreed Order, had waived his right to take exceptions to the Equitable Distribution Master's Report dated February 6, 2013?

2) Did the trial court err or abuse its discretion when it awarded counsel fees to be paid by Husband pursuant to section 5339 of the Child Custody Act, 23 Pa.C.S. § 5339?

3) Did the Master in Equitable Distribution disregard Section 3501(a.1) of the Divorce Code, 23 Pa.C.S. § 3501(a.1), by failing to consider the substantial decrease in residential real estate values and instead used the 2004 date of separation value to determine Wife's share of the increase in value of the marital residence during the duration of the marriage which lasted less than five (5) years?

Brief of Appellant, at 3.

We note initially that the trial court issued two separate orders on July 25, 2013:  the first, a divorce decree, and the second, an order denying Husband's petition to modify custody and granting Wife counsel fees.  Although it was not clear which July 25, 2013 order Husband appealed, his Rule 1925(b) statement of errors complained of on appeal indicated he was challenging both orders.[1]

In his first issue, Husband argues the trial court erred in determining that pursuant to the August 22, 2011 Agreed Order, Husband had waived his right to take exceptions to the Master's Report.

The relevant portion of the August 22, 2011 Agreed Order states:

2. [Husband's] Motion to Remand E[quitable] D[istribution] Claim back to Master is GRANTED.  **The Master's decision is binding upon the parties and shall be issued with a 236 Notice entered as a Judgment Lien.**  The Proceedings shall be on the Record with [Husband] responsible to pay all Court Reporter fees.  All financial records are admissible as business records without authentication.

3. [Husband] maintains his appellate rights to the Superior Court for legal issues.

4. [Husband] waives his right to stay enforcement of the Masters Order pending appeal.

Agreed Order, 8/22/11 (emphasis added).

_____

[1] Generally, "[t]aking one appeal from separate judgments is not acceptable practice and is discouraged." *Gen. Elec. Credit Corp. v. Aetna Cas. & Sur. Co.*, 263 A.2d 448, 452 (Pa. 1970); *see also* Pa.R.A.P. 341, Note; Pa.R.A.P. 512, Note. Although Wife has objected to Husband filing one appeal from two separate final orders, the trial court has addressed the issues pertaining to each order. Under these circumstances, we do not find this procedural error fatal to Husband's appeal.  *See TCPF Ltd. Partnership v. Skatell*, 976 A.2d 571 (Pa. Super. 2009).

On May 12, 2011, prior to the parties' Agreed Order, the Master issued a report and recommendation that the parties' estate be distributed equally. Thereafter, on June 23, 2011, Husband filed a motion to remand the matter for a *de novo* hearing. In that motion to remand, Husband averred that the parties' attorneys had stipulated to certain facts at the Master's hearing, and, accordingly, the parties presented no testimony at the hearing. The crux of Husband's motion was that he did not have the opportunity to testify and he did not understand that stipulating to certain facts would preclude him from testifying.[2]

The Honorable Carolyn Tornetta Carluccio granted the motion to remand. At the same time, however, Judge Carluccio entered the parties' Agreed Order that the Master's decision on remand would be binding upon the parties and entered as a judgment lien. **See** Order, **supra**. Thereafter, a second hearing before the Master was conducted on December 17, 2012.

On appeal, Husband argues that the parties' Agreed Order is invalid and cannot be enforced. First, we point out that Husband cites to no case law or authority to support his argument that the August 22, 2011 Agreed

---

[2] We note that Husband's issue with the Agreed Order and his claim that he did not understand the effect of stipulating to certain facts seem to point more toward his communications and relationship with counsel than to issues with the Master's recommendation that the parties share equally in the marital property.

Order is unenforceable. He does not argue that he was denied a hearing, nor does he claim that his consent to this order was obtained through fraud.

Second, we perceive no violation of public policy. The trial judge, the Honorable Garrett D. Page, analogized the parties' Agreed Order to an agreement to arbitrate. Generally, procedures that permit parties to agree to resolve disputes outside the court system, whether through arbitration, mediation, or as here, agreeing to be bound by a master's recommendation, are favored remedies. *Miller v. Miller*, 620 A.2d 1161 (Pa. Super. 1993). In *Miller*, this Court held that an arbitration award regarding custody was not void as against public policy, but it was not binding on a court of competent jurisdiction in the event the award were challenged by one of the parties as not being in the best interests of the child. *Id*. at 1164. Here, the Agreed Order pertained to distribution of the parties' marital property; it did not concern the parties' child custody proceedings.

The court further cited to section 3105 of the Divorce Code, which provides:

> In the absence of a specific provision to the contrary appearing in the agreement, a provision regarding the disposition of existing property rights and interests between the parties, alimony, alimony pendente lite, counsel fees or expenses shall not be subject to modification by the court.

23 Pa.C.S. § 3105(c).

There is no specific provision in the Agreed Order of August 22, 2011 providing for modification by the court. Accordingly, the parties' Agreed Order was incorporated into the final decree in divorce. *See Karkaria v.*

- 5 -

***Karkaria***, 592 A.2d 64, 71 (Pa. Super. 1991) ("A party who has acquiesced in an order or judgment will not later be heard to challenge it."); ***cf***. ***Miller***, ***supra*** (parties who have agreed to arbitrate should be bound by that decision).

Finally, Husband makes no claim attacking the validity of the parties' agreement. Husband cannot claim that he was denied a hearing, nor does he claim that fraud, misconduct, or corruption caused an unfair award. We agree with the trial court that absent a provision to the contrary, the agreement is not subject to modification.

In his second issue, Husband argues that the trial court erred or abused its discretion in awarding Wife counsel fees. Our standard of review of an award of counsel fees is well settled: we will not disturb a trial court's determination absent an abuse of discretion. ***Verholek v. Verholek***, 741 A.2d 792, 795 (Pa. Super. 1999). A trial court has abused its discretion if it failed to follow proper legal procedures or misapplied the law. ***Id***. ***See also Thunberg v. Strause***, 682 A.2d 295 (Pa. 1996) (appellate court's scope of review in cases involving counsel fees is limited to determining whether trial court abused its discretion).

Here, the court relied on section 5339 of the Child Custody Act[3] as the basis for the award. No case law exists regarding interpretation or

_____

[3] 23 Pa.C.S. § 5339. Section 5339 of the Child Custody Act was enacted in 2010 and took effect on January 24, 2011.
*(Footnote Continued Next Page)*

construction of this statute. The statute was adopted as proposed, with legislative remarks on the overall goal of the new custody law, but without legislative comment with respect to counsel fees.[4] Section 5339 provides the authority for the award of counsel fees and costs in custody matters, not only in cases of contempt, but also in cases where a party's conduct is "obdurate, vexatious, repetitive or in bad faith." *Id.* Section 5339 states:

> **Under this chapter**, a court may award reasonable interim or final counsel fees, costs and expenses to a party if the court finds that the conduct of another party was obdurate, vexatious, **repetitive** or in bad faith.

23 Pa.C.S. § 5339 (emphasis added). This language is essentially identical to the language in sections 2503(7) and (9) of the Judicial Code, 42 Pa.C.S. § 2503, which allows an award of counsel fees under the following circumstances:

> (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

> (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

42 Pa.C.S. §§ 2503(7), (9).

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯

[4] http://www.legis.state.pa.us/cfdocs/billinfo. **See** Pa. House Legislative Journal, June 9, 2010, at 788-91 (remarks of Hon. Kathy Manderino) ("[I]f enacted into law, [HB 1639] will . . . improve the functioning of family court for the lives of Pennsylvania's children.").

The distinction between section 5339 of the Domestic Relations Code and section 2503 of the Judicial Code is simply the addition of the word "repetitive." As one commentator has noted, "'[r]epetitive conduct is a serious concern since Pennsylvania liberally allows custody modification actions to be filed[.]" S.J. Anderer, *Changing Child Custody Law- The Best Interests of Our Children Demand Our Best Efforts*, Pennsylvania Law Weekly, 2009 December 14.

We are mindful that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." ***Carrozza v. Greenbaum***, 916 A.2d 553, 564 (Pa. 2007) (quoting 1 Pa.C.S. § 1921(a)). We must also presume that the legislature did not intend any language of a statute to exist as mere surplusage. ***Burdick v. Erie Ins. Group***, 946 A.2d 1106 (Pa. Super. 2008).

Because this is a matter of first impression, we are inclined to look to case law interpreting section 2503 for guidance in determining whether Husband's conduct rose to the level warranting an award of counsel fees to Wife. A suit is vexatious, such as would support an award of counsel fees, if it is brought without legal or factual grounds and if the action served the sole purpose of causing annoyance. ***In re the Barnes Foundation***, 74 A.3d 129 (Pa. Super. 2013) (interpreting 42 Pa.C.S. § 2503(7)). "Behavior that protracts litigation may nonetheless not rise to the level of obdurate, vexatious and dilatory conduct within the meaning of the statute." 17 West's Pa. Prac., Family Law § 13:2 (7th ed.) (***citing Gardner v. Gardner***,

538 A.2d 4 (Pa. Super. 1988)). Section 2503(9) serves not to punish all those who initiate legal actions that are not ultimately successful, or which may seek to develop novel theories in the law, as such a rule would have a chilling effect on the right to bring suit for real legal harms suffered. Rather, the statute focuses attention on the conduct of the party from whom counsel fees are sought and on the relative merits of that party's claims. ***Thunberg v. Strause***, ***supra***.

When interpreting the meaning of "repetitive," the trial court relied on a definition from Merriam-Webster's Dictionary:[5] "repeated many times in a way that is unpleasant." Trial Court Opinion, 10/17/13, at 6. Moreover, the trial court opined that it was the intent of the legislature "to award counsel fees under the new custody statute to deter repetitive filings that may affect the best interest of a child and require that the child constantly be placed in the middle of continued custody litigation."[6] ***Id.*** at 7. The best interest of a child is the foundation of the child custody law, and that includes section 5339. However, although repetition alone may be grounds for imposition of counsel fees, we conclude that the circumstances here do

_____

[5] http://www.merriam-webster.com/dictionary.

[6] We note that this case is not a Family Fast Track appeal. The appeal is from the order entering a decree in divorce and resolving the economic claims of the parties. ***See*** Pa.R.A.P. 102. This Court entered an order on September 4, 2013 directing the Prothonotary to remove the Family Fast Track designation.

not warrant an award. The trial court correctly points out that great emphasis must be placed on the best interest of the child based on a consideration of all factors that legitimately affect the child's physical, intellectual, moral, and spiritual well-being. ***See Wheeler v. Mazur***, 793 A.2d 929, 933 (Pa. Super. 2002). However, the trial court failed to explain in its opinion how the filing of seven petitions to modify custody in the span of a seven-year proceeding legitimately affected the well-being of the child or how the filings in any way altered the status quo.

The various petitions, filed typically at least one year apart from each other, involved a range of issues. The first petition for modification was filed on February 7, 2007, seeking primary custody. The second petition was filed on February 19, 2008, seeking a modification of the school-holiday and summer-break schedule. In the third petition, filed on May 26, 2009, Father sought to amend the school-year custody schedule, seeking custody every other Friday night. In his fourth petition, filed on April 26, 2010, Father requested an increase in the summer shared custody schedule, from two weeks of summer vacation time to four weeks. The fifth petition was filed on April 5, 2011, seeking modification of the school-year schedule. The sixth petition was filed on December 5, 2011 seeking to travel internationally with the child. Lastly, the seventh petition was filed on July 5, 2012, and in that petition, Father sought, again, to modify the school-year schedule. We also note that Father's second petition was resolved by an agreed order, ***see***

Agreed Order, 4/23/2008, filed May 8, 2008, and his fourth petition, filed

April 26, 2010, was granted in part.[7]

Given the fact that Husband filed the seven petitions over as many

years, and in light of the fact that each petition sought distinct relief

pertaining to a variety of legitimate issues that typically arise in a custody

matter, we cannot conclude that Husband's actions rose to the level of

"repetitive" within the meaning of section 5339.  Furthermore, we cannot

say that each of the petitions was without relative merit.  Additionally, there

is no indication that any of these petitions affected the child's best interests.[8]

_____

[7] This order reads:  AND NOW, this 15th day of July, 2010, after Hearing in the above captioned matters, it is hereby ORDERED and DECREED that Defendant's Petition to Modify Custody filed 4/26/10 is GRANTED in part and DENIED in part.  Father shall have custody of minor child on Mondays from 4:00 p.m. through Fridays at 9:00 a.m.  Mother shall have custody of minor child from Fridays at 4:00 p.m. through Mondays at 9:00 a.m.  Defendant's Exceptions in Support filed 5/13/2010 is referred to DRO for determining of whether or not [Defendant] is entitled to receive direct credit for expense payments at the same time as the pending scheduled recalculation in September.

[8] A childhood marked by custody and equitable distribution disputes is never in a child's best interests.  We recognize Wife's argument that continued and ongoing conflict is harmful to children of divorce and, therefore, it is not in the child's best interests, and that one way to discourage the conflict is to hold parties accountable through the award of counsel fees.  Again, however, we are not presented with any specific information as to how these petitions for modification affected the child in this case.  Moreover, we emphasize that the majority of the conflict in this litigation pertained to the distribution of the parties' marital property, and the master recommended counsel fees "due to Husband's unreasonable, legally unsupportable and intractable positions on the valuation and distribution of assets[.]"  **See** Master's Report and Recommendation, 2/6/2013, at 10.  The case in which
*(Footnote Continued Next Page)*

We conclude, therefore, that the court's award of attorneys' fees under section 5339 was unwarranted and an abuse of discretion in this case. ***Verholek***, ***supra***. Thus, we reverse the award of counsel fees.

Finally, Husband argues the marital residence should have been valued as of the date of distribution (2013) instead of the date of separation (2004), and that using the 2004 date disregarded the substantial decrease in the value of real estate. This issue is waived.

In his Rule 1925(b) statement of errors complained of on appeal, filed on August 30, 2013, Husband raised two claims of error: (1) the court's determination that he had waived his right to file exceptions to the Master's Report on equitable distribution, and (2) the court's award of counsel fees to Wife. Thereafter, Husband filed a supplemental Rule 1925(b) statement, raising the claim that the court erred in the valuation of the marital residence. However, Husband did not seek permission to file a supplemental Rule 1925(b) statement, nor did the court grant an extension to file a supplemental statement. Consequently, the trial court did not address this claim in its opinion.

Rule 1925(b) provides, in relevant part:

> The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. *Upon application of the appellant and for good*

*(Footnote Continued)* ————————————

husband was vexatious and obdurate is not before us and need not be addressed.

- 12 -

> *cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed.* Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

Pa.R.A.P. 1925(b)(2) (emphasis added).

Because Husband filed a supplemental Rule 1925(b) statement without seeking permission from the trial court, we are precluded from reviewing the issue on appeal. **See Commonwealth v. Woods**, 909 A.2d 372, 378 (Pa. Super. 2006) (holding appellants must file separate petition seeking leave of court to file untimely supplemental statement); **see also Commonwealth v. Hill**, 16 A.3d 484, 493 (Pa. 2011) (rule governing statements of matters complained of on appeal sets out simple bright-line rule, which obligates appellant to file and serve statement, when so ordered; any issues not raised in statement will be deemed waived); **Tucker v. R.M. Tours**, 977 A.2d 1170, 1173 (Pa. 2009) (Rule 1925(b) ensures trial judge writing opinion the opportunity to identify and focus only on issues appellant plans to raise on appeal and, thus, facilitates meaningful appellate review by appellate courts). Husband's third issue, therefore, is waived.

Order affirmed in part and reversed in part. Case remanded to the trial court for an order consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/2/2014