## Lowery-Shannon v. Shannon

C.P. of Lawrence County, No. 10487 of 2014, CA

*Bradley G. Olson, Jr.*, for plaintiff.
*Todd M. Begg*, for defendant.

HODGE, *J.*, Nov. 14, 2014—This opinion is issued pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure in support of the order of court dated October 20, 2014 from which plaintiff appeals and

contends that this court committed the following errors:

1. The trial court committed reversible error by failing to accept jurisdiction pursuant to 23 Pa.C.S.A. §5423 as the Lawrence County Court of Common Pleas has jurisdiction to make an initial determination under 23 Pa.C.S.A. §5421 and there is no dispute that the parties reside in Lawrence County, Pennsylvania and not Ohio;

2. The trial court committed reversible error and abused its discretion by failing to accept jurisdiction pursuant to 23 Pa.C.S.A. §5423 on the grounds that the Court of Common Pleas of Cuyahoga County, Ohio, has not relinquished jurisdiction as the uniform child custody jurisdiction and enforcement act does not require the state of original jurisdiction to relinquish custody before the courts of this Commonwealth can accept jurisdiction so long as the requirements of §5423 are met;

3. The trial court committed reversible error and abused its discretion by summarily declining to exercise emergency jurisdiction pursuant to 23 Pa.C.S.A. §5424, as requested within the plaintiff's petition for special relief, without conducting a hearing on the matter and evaluating the merits of the petition;

4. The trial court committed reversible error by simply concluding that "the facts and circumstances alleged in the [plaintiff's] petition [for special relief] do not rise to the level necessary for this court to exercise emergency jurisdiction pursuant to 23 Pa.C.S.A. §5424" without addressing the claims of potential neglect or abuse that were contained within the plaintiff's petition for special relief and explaining why such circumstances do not

meet the requirements for emergency jurisdiction;

5. The trial court committed reversible error and abused its discretion by granting defendant's petition for counsel fees when the presentation of defendant's request for such fees was in violation of the Lawrence County Court of Common Pleas local rules of procedure L208.3 (a) (7) which requires litigants to provide the opposing party with at least two (2) days advanced notice of their intent to present a motion and the defendant failed to provide any advanced notice to the plaintiff of his intent to present such request and allow plaintiff a meaningful opportunity to respond;

6. The trial court committed reversible error and abused its discretion by granting defendant's petition for counsel fees by declaring that plaintiff has engaged in repetitive filings pursuant to 23 Pa.C.S.A. §5339, when the facts and circumstances demonstrate that the plaintiff's filings were not repetitive but instead based upon separate and distinct issues relative to the safety of the minor child in question; and

7. The trial court committed reversible error and abused its discretion by granting defendant's petition for counsel fees pursuant to 23 Pa.C.S.A. §5339, which is a provision established under the child custody act and not any provision of the UCCJEA. Plaintiff suggests that the trial court cannot selectively accept jurisdiction and enforce certain provisions of the child custody act while declining to accept and enforce the remainder of its provisions.

The plaintiff, Amy Lowery-Shannon (hereinafter, "mother"), and the defendant, Brian Shannon (hereinafter,

"father"), are the natural parents of two minor children, William Shannon, born January 15, 2007 and Charles Shannon, born June 2, 2008. On May 9, 2014, the plaintiff, Amy Lowery-Shannon (hereinafter, "mother") filed a motion to register foreign custody order. On that same date, mother filed a motion to modify custody. Prior to mother registering the existing custody order with the Court of Common Pleas of Lawrence County, the parties engaged in extensive litigation in the Cuyahoga County Court of Common Pleas of the State of Ohio. The honorable judge Diane M. Palos of the Cuyahoga County Court of Common Please issued an extensive opinion regarding custody of the minor children on November 1, 2013. This order provided the father with sole legal custody and awarded the parties shared physical custody of the minor children.

In her motion to modify custody, mother stated that this court is the proper venue to pursue mother's claim for custody because the parties both currently live in Lawrence County, and that the Cuyahoga County Court inappropriately awarded the parties shared physical custody and father primary legal custody. On this basis, mother sought modification of the November 1, 2013 custody order. Father, however, opposed mother's request, and responded by filing a motion to decline jurisdiction pursuant to the UCCJEA and to dismiss on June 4, 2014. Mother filed a second motion to modify custody and a petition for special relief on June 24, 2014, at which time the court issued an order denying mother's requests to modify custody and reinstating the November 1, 2013 custody order from Cuyahoga County. This court concluded that it would not assume jurisdiction over the instant case until the Court of Common Pleas of Cuyahoga County, Ohio

issued an order relinquishing jurisdiction.

On October 21, 2014, mother again filed a petition for special relief, wherein mother stated the parties' minor child, William, returned home to mother with bruises on his buttock and thigh. Mother stated that she sought medical attention for William, and that in addition to the bruising, the minor child suffered a fracture to his foot. Mother requested the court to award her primary physical and sole legal custody of William pending a hearing. Father responded by filing an answer and new matter: petition for counsel fees. Upon review of mother's petition and father's answer and new matter, this court issued an order on October 21, 2014 denying mother's petition for special relief and granting father's request for attorney's fees. Mother then filed a timely appeal.

The proper standard of review when reviewing a trial court's application of the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter, "UCCJEA") is as follows:

A court's decision to exercise or decline jurisdiction [per the UCCJEA] is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of discretion. Under Pennsylvania law an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

*J.M.R. v. J.M.,* 1 A.3d 902, 908 (Pa. Super. 2010) (citing

*Wagner v. Wagner*, 887 A.2d 282, 285 (Pa. Super.2005)).

In evaluating whether a court of this Commonwealth may modify a custody determination made by a court of another state, the UCCJEA provides the following relevant provision:

§5423. Jurisdiction to modify determination Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth may not modify a child custody determination made by a court of another state unless a court of the Commonwealth has jurisdiction to make an initial determination under section 5421(a)(1) or (2) (relating to initial child custody jurisdiction) and:

(1) the court of the other state determines that it no longer has exclusive jurisdiction under section 5422 (relating to exclusive, continuing jurisdiction) or that a court of this Commonwealth would be a more convenient forum under section 5427 (relating to inconvenient forum); or

(2) a court of this Commonwealth or a court of the other state determined that the child, the child's parents and any person acting as a parent do not presently reside in the other state.

23 Pa.C.S. §5423.

Therefore, pursuant to 23 Pa.C.S. §5423, this court first examined whether there is jurisdiction over the instant custody matter pursuant to 23 Pa.C.S. §5421 regarding initial custody jurisdiction. Section 5421 provides:

§ 5421. Jurisdiction

(a) General Rule. — Except as otherwise provided

in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:

(1) this Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;

(2) a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or 5428 (relating to jurisdiction declined by reason of conduct) and:

(i) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this Commonwealth other than mere physical presence; and (ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships.

(3) all courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of this Commonwealth is the more appropriate forum to determine the custody of the child under section 5427 or 5428; or

(4) no court of any other state would have jurisdiction

under the criteria specified in paragraph (1), (2), or (3).

23 Pa.C.S. § 5421 (a).

As indicated from a strict application of Sections 5423 and 5421, this court is unable to assume jurisdiction over the instant case unless and until all courts having jurisdiction have declined to exercise jurisdiction on the ground that a court of this Commonwealth is the more appropriate forum. To date, the Court of Common Pleas of Cuyahoga County, Ohio has not issued an order declining jurisdiction. Consequently this court declined to assume jurisdiction of this case. Therefore, the court determines mother's first and second matters complained of on appeal are without merit.

Mother next contends this court committed reversible error for denying her second petition for special relief and failing to exercise emergency jurisdiction pursuant to 23 Pa.C.S.A. §5424. Section 5424 of the UCCJEA provides that:

> A court of this Commonwealth has temporary emergency jurisdiction if the child is present in this Commonwealth and the child has been abandoned or it is necessary in an emergency to protect the child because the child or a sibling or parent of the child is subjected to or threatened with mistreatment or abuse.

23 Pa.C.S.A. §5424(a).

In her petition for special relief, mother alleged that the minor child, William, returned to her custody with bruises on his buttock and thigh. Mother further alleged that William suffered a fractured foot while in father's custody. Father filed a response to this petition stating that mother was attempting to usurp the current custody

order and exponentiate her concerns to father's determent. Given the thorough analysis issued by the Cuyahoga Court of Common Pleas, wherein that court discussed mother's repeated attempts to circumvent father's custodial time by making unsubstantiated allegations of abuse, this court concluded that mother did not present an emergency, and this court again declined jurisdiction.

Furthermore, given the court's prior directives to each of the parties that the current custody order would not be modified absent an order from Cuyahoga County relinquishing jurisdiction, the court finds mother's request to modify the current order on an emergency basis to be insincere. If mother truly believed the child was subject to mistreatment or abuse by father, her concerns should have been presented to the Cuyahoga County Court. For these reasons, the court finds mother's third and fourth matters complained of on appeal to be without merit.

Lastly, mother contends that this court erred in granting father's request for counsel fees. The standard of review of an award of counsel fees is well settled: the appellate courts will not disturb a trial court's determination absent an abuse of discretion. *Verholek v. Verholek*, 741 A.2d 792, 795 (Pa. Super.1999). A trial court has abused its discretion if it failed to follow proper legal procedures or misapplied the law. *Id. See also Thunberg v. Strause*, 682 A. 2d 295 (Pa.1996).

Mother raises three arguments against this court's award of counsel fees. Initially, mother asserts that father's request for counsel fees is improper because father failed to give mother two days advanced notice of his request pursuant to local rule L208.3(a)(7). In response to mother's contention, the court must state that mother's counsel

appeared before the court and fielded the request without raising any objection to the court. When mother's second petition for special relief and father's answer were before the court for disposition, the court ruled on the outstanding issues because it was unaware there was any objection pending as none were presented on the record. For this reason, the court does not believe mother's argument is preserved for the Superior Court's review.

Mother's second assertion contends that the facts and circumstances of this case demonstrate that mother's filings were not repetitive. However, this court has definitively concluded otherwise. This court's award of counsel fees relied on Section 5339 of the child custody act, in addition to the case of *Dong Yuan Chen v. Saidi*, 2014 WL 4290791, 2014 Pa. Super. 190 (2014). Section 5339 provides the authority for the award of counsel fees and costs in custody matters, including cases where a party's conduct is "obdurate, vexatious, repetitive or in bad faith." *Saidi* 2014 Pa. Super. at *3. (citing *Verholek v. Verholek*, 741 A.2d at 795). Section 5339 states:

> Under this chapter, a court may award reasonable interim or final counsel fees, costs and expenses to a party if the court finds that the conduct of another party was obdurate, vexatious, repetitive or in bad faith.

23 Pa.C.S. § 5339.

The language set forth in the child custody act parallels that of Sections 2503(7) and (9) of the judicial code, 42 Pa.C.S. § 2503, with the only distinction being the inclusion of the word repetitive in the provisions set forth at 23 Pa.C.S.A. §5339. Although mother contends that her actions were not repetitive or vexatious, the court believes

that the record developed in the instant case, in addition to the opinion issued by the Cuyahoga County Court, clearly support an alternative conclusion.

Finally, mother argues that this court committed reversible error by granting father's request for counsel fees, pursuant to 23 Pa.C.S.A. §5339, but failed to assume jurisdiction, pursuant to Sections 5421 and 5423. Mother contends that this court is selectively applying provisions of the child custody act, and has therefore committed reversible error. The court believes mother's allegations to be a wholly inaccurate representation of this court's extensive consideration and subsequent application of the child custody act. The court endeavored to fairly apply the applicable provisions of the child custody act in determining whether jurisdiction was properly vested with this court. The court cannot and did not unilaterally pick specific provisions to enforcement merely in order to issue a determination that did not carry favor with mother.

Having addressed each of mother's matters complained of on appeal, this court determines that the issues raised are without merit and the existing orders should remain in full force and effort.

## ORDER OF COURT

And now, this 14th day of November, 2014, the court having received appellant's concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and with the court issuing the attached opinion in response to the concise statement of errors complained of on appeal, the court hereby orders and decrees as follows:

1) Pursuant to Rule 1931 of the Pennsylvania Rules of Appellate Procedure, the prothonotary shall assemble

the record and transmit the same to the prothonotary of the Superior Court as required by the applicable rules of appellate procedure.

2) The prothonotary shall properly serve notice of this order of court upon counsel of record for the parties.