## ORDER

**S.B. v. J.B.**

C.P. of Lycoming County, No. 09-20, 268; 2037 MDA 2014

*Pro se* appellant/plaintiff.
*Craig Ernest Kauzlarich* and *John Albert Abom*, for appellee/defendant.

MCCOY, *J.*, Jan. 2, 2015—SB, (hereinafter "Mother") has appealed this court's November 3, 2014 order. Mother filed her appeal on December 2, 2014 and the appeal is

docketed to 2037 MDA 2014. This opinion is submitted in regard to the pending appeal.

Mother's appeal should be denied and the order of November 3, 2014 affirmed. The court relies on its opinion and order dated November 3, 2014.

Mother did not file her concise statement simultaneously to the filing of his notice of appeal. *See* Pa.R.A.P. 102. Rules 905(a)(2) and 1925(a)(2). Mother filed her concise statement on December 23, 2014 containing 17 matters complained.

The majority of mother's matters complained are made regarding the court's previous order of June 16, 2014 dismissing mother's petition for emergency custody and not the order which is currently on appeal. No appeal has been filed in regard to the court's order of June 16, 2014. At the emergency custody hearing, mother failed to produce evidence to support granting her emergency custody. Mother's matters of appeal also raise her concerns with both the children and youth and police investigation. This court's determination in custody court is not binding nor did it interfere with either the children and youth or police investigations. The court will rely on its order to address mother's matters complained three through fifteen and seventeen. These specific issues raised by mother are not relevant to the pending appeal nor is the underlying order properly before the court for review. The court will address

the remaining matters complained of which concern the court's order of November 3, 2014 relating to the award of counsel fees for mother's obdurate, vexatious and acting in bad faith behavior.

## I. FACTS AND PROCEDURAL HISTORY

Father filed a petition for counsel fees, costs, and expenses pursuant to 23 Pa. C. S. § 5339 on June 18, 2014. Father's petition was filed regarding mother's petition for emergency custody filed on June 5, 2014 alleging father was sexually abusing the parties' minor child. Pursuant to 23 Pa. C. S. § 5339. "Award of counsel fees, costs and expenses, a court may award reasonable interim or final counsel fees, costs and expenses to a party if the court finds that the conduct of another party was obdurate, vexatious, repetitive or in bad faith". There is little appellate guidance at this time as to how this statute should be applied. This court in its order of November 3, 2014 considered the reasoning an holding in *Dong Yuan Chen v. Saidi*, 2014 PA Super 190 (Pa. Super. Ct. 2014).

## II. DISCUSSION

This court denied mother petition for emergency custody after a hearing on June 16, 2014. A hearing on father's petition for counsel fees, costs and expenses was began on July 31, 2014. Mother appeared and was without an attorney. Mother was questioned regarding the circumstance surrounding the petition for emergency

custody. During the course of the hearing, the court learned that mother was under a criminal investigation for false reports regarding the same claim that Father had sexually abused the minor child (Hearing Transcript 7/31/2014 pp. 23-24 1. 20). At that point, the court stopped the hearing granting mother's request for a continuance in order for her to seek legal counsel. The hearing was continued until September 24, 2014. At the time set for the continuation of the hearing, mother did not appear. At no point did mother offer any evidence in regard to father's petition. Mother was questioned by father's attorney and then offered the court a brief statement (H.T. 7/31/2014 pp. 17 1. 9-20). Mother's statement did not report her own concerns that lead to the filing of the petition for emergency custody but instead restated her disagreement with the court's determination in regards to emergency custody. Because of mother's failure to appear, she did not cross examine any of father's witnesses nor raise any objections to the multiple exhibits offered into evidence.

The parties were before this court for a full custody trial in April 2014. Both parties sought primary custody of the minor child at issue. In a two part order of April 3, 2014, mother was awarded primary custody unless father relocated to Lycoming County in which case the parties' custody would remain shared. Mother filed a petition for modification of custody on April 16, 2014. Mother subsequently withdrew the petition to modify. Father requested reconsideration of

the court's custody determination on April 28, 2014, the court denied reconsideration. Mother filed a petition for contempt on May 27, 2014 citing father's failure to comply with the relocation statute. Additionally on May 27, 2014, mother filed a petition for modification of custody citing her continued desire to be awarded primary custody. The petition for modification was pending before the court at the time of the hearing held July 31, 2014 but subsequently withdrawn by mother. The petition for contempt was denied June 2, 2014 as father had returned to Lycoming County pursuant to the court's order of April 3, 2014. Mother filed her petition for emergency custody on June 4, 2014.

Concise Statement of Matters Complained on Appeal #1

*"the trial court erred in finding the plaintiff to be obdurate, vexatious and acting, in bad faith in determining an award of counsel fees, costs and expenses for the defendant pursuant to 23 Pa. C. S. 5339. Finding plaintiff to be acting in bad faith, as well as vexatious or obdurate was done in error."*

This court did find mother's filing of the emergency custody to be obdurate, vexatious and acting in bad faith. Specifically, the court finds that mother's testimony regarding her filing of the emergency custody petition on July 31, 2014 was not credible. Mother's statements to the police and in court were not consistent. (H.T. 7/31/2014

pp. 11 1. 24 and pp. 22 1. 20).

Mother's behavior leading up to the filing of the emergency custody Petition are evidence of her obdurate, vexatious and acting in bad faith behavior. Father entered into evidence text messages exchanged between the parties. The court considered mother's behavior towards father outside of her court filings. Beginning on June 2, 2014 mother and father had disagreement about how much help father should give Kaya while bathing. Mother told father he would get court papers soon. The parties continued the arguing regarding mother communicating with father's girlfriend. Late in the day on June 2, 2014, mother and father's girlfriend had an altercation at which time mother called the police on father's girlfriend. Mother told father she was pressing harassment charges.

On June 4, 2014, mother inquired as to what time she could pick the child up. Mother threated father with contempt and told him "You are a twisted sick father to my child". Mother also brought up father "alleging terrible false accusations to the law about my ex hurting Kaya". Mother further states the she and the child will move "out west" when Kaya turns 18. Mother sent father a message regarding her anger over father's birthday party plans at 10:55 p.m. This behavior was all prior to the alleged disclosure of sexual abuse by the child.

Mother reported that Kaya disclosed abuse sometime

after 11:15 p.m. on June 4, 2014 while child and mother were rough housing. Less than twelve hours from mother mentioning the previous incident wherein father raised his concerns of sexual abuse in a previous emergency petition, mother claims the child disclosed abuse by her father.

Concise Statement of Matters Complained on Appeal #2 *"the trial court erred by relying on speculative testimony by child to determine an award of counsel fees."*

The court did not rely on the child's testimony in regard to the petition for counsel fees. The child did not testify at the hearings on the petition although the transcript from the emergency custody proceed was entered into evidence. The court dismissed the petition for emergency custody based in part on the child's testimony however this was not the basis for the award of counsel fees. Mother's behavior and intentions in the filing of the petition for emergency custody is what led to the court's determination and award of counsel fees.

Concise Statement of Matters Complained on Appeal #16

*"The trial court erred in reversing the burden of proof. The plaintiff should not have to prove that she acted reasonably under the circumstance. The trial court erred by extending sympathies to the defendant instead of bearing in mind the best interests of the child."*

The court proceeded with the basic assumption that mother's request for emergency custody was reasonable and in good faith, her request was initially granted. The court allowed a continuance for mother to seek counsel for representation regarding the petition for counsel fees. Father met his burden of proving mother's behavior was obdurate, vexatious, and in bad faith. The court finds that father's testimony regarding the incidents surrounding the filing of mother's petition for emergency custody was credible. (H.T. 6/17/11 pp. 6).

This court did not consider the effects the mother's petition for emergency custody had on father beyond the financial circumstances of his bill for legal services. The court did not sympathize with father's situation but instead focused on the child. The court did consider the best interest of the child and the need to hold a party accountable for the negative effect on the child of an obdurate, vexatious and in bad faith filing.

## CONCLUSION

Mother's appeal should be denied and the order of November 3, 2014 affirmed. The court relies on its opinion and order dated November 3, 2014 and its reasoning stated herein. Father has proven that mother's filing of the petition for emergency custody was obdurate, vexatious and in bad faith.