J-S04033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID THOMAS LOFTUS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GINGER LEE ALANSKY-HOWLEY, | : | |
| | : | |
| Appellant | : | |
| | : | No. 763 MDA 2014 |
| | : | |

Appeal from the Order Entered March 26, 2014,
In the Court of Common Pleas of Schuylkill County,
Civil Division, at No(s): A-53-2014

BEFORE:  BOWES, ALLEN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:  **FILED MARCH 10, 2015**

Appellant, Ginger Lee Alansky-Howley, (Mother), appeals *pro se* from the order which granted the request of David Thomas Loftus (Father) for a final Protection from Abuse (PFA) order pursuant to the Protection from Abuse Act (the Act), 23 Pa.C.S. §§ 6101-6122.  We affirm.

The parties are the natural parents of J.L., born in March of 2008.  Motehr presently lives in Florida.  Father resides in Mahanoy City, Pennsylvania, and has primary physical custody of J.L.  On February 25, 2014, Mother and her husband were arrested en route to Florida on charges that they had kidnapped J.L. from Father's home that morning.  J.L. was returned to Father's care unharmed.  Based on this incident, Father filed a

---

* Retired Senior Judge assigned to the Superior Court.

petition seeking a PFA on J.L.'s behalf. On January 26, 2014, the trial court entered a temporary PFA order against Mother.

On March 26, 2014, a final PFA hearing was held. Father appeared before the court *pro se.* Mother participated *pro se* via telephone from her home in Florida. At the end of the hearing, the trial court issued a final PFA order, on behalf of Father and J.L, prohibiting Mother from having any contact with J.L. for a period of one year.

Mother timely filed a notice of appeal. By order dated May 13, 2014, Mother was directed to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. She failed to do so. The trial court issued a statement in lieu of a 1925(a) opinion on June 9, 2014. This appeal followed.

Before we address Mother's claims on the merits, we must determine whether they were preserved properly for our review. The trial court determined that Mother waived all of her claims by failing to file a 1925(b) statement when directed. Trial Court Statement, 6/9/2014, at 1. We agree.

It is well-settled that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) (citations omitted). "Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Id**. With respect to Rule 1925(b), "[o]ur jurisprudence is clear

and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered[.]" ***Dong Yuan Chen v. Saidi***, 100 A.3d 587, 594 (Pa. Super. 2014), *quoting* ***Commonwealth v. Hill,*** 16 A.3d 484, 494 (Pa. 2011). Instantly, Mother failed to comply with the trial court's order. Thus, her claims are waived.

Finally, we note that, even if Mother's claims had been preserved properly, we would have grounds to dismiss this appeal due to Mother's failure to comply with Pa.R.A.P. 2118 and 2119. The argument section of Mother's brief contains no citation to the record nor any precedential authority, nor does it indicate where her issues are preserved for this Court's review. Rule 2101 grants us the discretion to dismiss an appeal when the defects in a brief are substantial. The fact that Mother is *pro se* does not excuse her failure to comply with the Rules of Appellate Procedure, nor does it entitle her to have this Court advocate on her behalf.

For all of the foregoing reasons, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2015

- 3 -