J-A02001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

R.B.H.

Appellee

v.

L.H.-H.

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1529 MDA 2015

Appeal from the Order entered August 10, 2015
in the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2009-CV-09619-DC

BEFORE: PANELLA, J., STABILE, J., and FITZGERALD*, J.

JUDGMENT ORDER BY PANELLA, J.         **FILED MAY 17, 2016**

Appellant, L.H.-H. ("Mother"), purports to appeal from two interim custody orders entered on August 10, 2015, in the Dauphin County Court of Common Pleas.[1] The orders pertained to the physical and legal custody of

---

* Former Justice specially assigned to the Superior Court.

[1] In her notice of appeal, Mother states that she "appeals to the Superior Court of Pennsylvania from the *order* entered in this matter on the 10[th] day of August, 2015…." Notice of Appeal, 9/8/15 (emphasis added). On August 10, the court entered *two* orders, each relating to a different matter. In her appellate brief and in her Rule 1925(b) statement, Mother takes exception to *each*, arguing that *each* order constitutes an abuse of the trial court's discretion. The proper course was to file *separate* notices of appeal for each final order being appealed. ***See***, ***e.g.***, ***General Electric Credit Corp. v. Aetna Casualty & Surety Co.***, 263 A.2d 448, 452-453 (Pa. 1970); ***Chen v. Saidi***, 100 A.3d 587, 589 n.1 (Pa. Super. 2014); ***Sulkava v. Glaston Finland Oy***, 54 A.3d 884, 887-888 (Pa. Super. 2012); 20 G. Ronald Darlington, et al., Pennsylvania Appellate Practice § 512:3.2 (2015-2016 ed.). An examination of the authorities cited reveals that courts have

minor child and the granting in part and denying in part Mother's request for relocation. The court entered the orders after an emergency hearing held a week earlier. At the hearing, the court specifically noted that any order entered would be "an interim temporary order which will not provide a prejudice for or against any party…." N.T., Hearing, 8/3/15, at 5. The court later set the date for a custody trial to commence on December 9, 2015. *See* Order 9/8/15.

A custody order is appealable *only* if the court entered its order after completing a hearing on the merits and it is "intended by the court to constitute a complete resolution of the custody claims pending between the parties." **G.B. v. M.M.B.**, 670 A.2d 714, 720 (Pa. Super. 1996) (footnotes omitted).

The record in this matter remains open. The court expressly anticipates further proceedings to consider additional testimony and other evidence. Indeed, the court set a date for a future custody trial. And, as noted, the court expressly stated that any order it entered was "interim" and "temporary." Thus, the court did not intend its orders to be a complete resolution of the pending custody claims. We are constrained to quash this

---

generally refrained from quashing an appeal for failing to file separate notices of appeal.

 Here, however, not only is there the problem of the notice of appeal utilizing the singular "order" when Mother wants to challenge two separate "orders," but as discussed in this judgment order, neither order entered on August 10 is a final order. We quash the appeal on that basis.

appeal. **See**, **e.g.**, **Kassam v. Kassam**, 811 A.2d 1023 (Pa. Super. 1996) (quashing appeal of custody order where the trial court retained jurisdiction and scheduled a hearing for review of the custody order); **G.B.** 670 A.2d at 721 (quashing appeal where custody order was entered before final hearings on the merits and where the order entered was not "intended to constitute a complete resolution of the ultimate issues between the parties[]").

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2016