J-A03017-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| DOUGLASS E. HOWARD, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FIRST NATIONAL BANK | : | No. 18 MDA 2019 |

Appeal from the Order Entered November 16, 2018
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2018 CV 4333 QT

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.:                    FILED MARCH 17, 2020

Appellant, Douglass E. Howard, Jr., appeals pro se from two separate Orders entered on November 16, 2018, in the Dauphin County Court of Common Pleas.[1]  The first Order sustained the Preliminary Objections filed by Appellee, First National Bank, and dismissing Appellant's Complaint in this

_____

[1] Generally, when a party seeks to appeal from two separate orders entered at the same docket number, the party must file two separate notices of appeal. Dong Yuan Chen v. Saidi, 100 A.3d 587, 589 n.1 (Pa. Super. 2014).  But see Betz v. Pueumo Abex, LLC, 44 A.3d 27, 54 (Pa. 2012) (explaining that because "an appeal of a final order subsumes challenges to previous interlocutory decisions[,]" an appellant need only file one notice of appeal) (emphasis added).  Here, Appellant has filed only one Notice of Appeal, but indicated therein his intention to appeal from two separate Orders, which the trial court entered on the same day.  Although this practice is discouraged, because Appellee has not objected to Appellant having filed only one Notice of Appeal from the two Orders, and because the statutory period for taking an appeal has already expired, precluding the filing of proper appeals, we decline to quash Appellant's appeal.  Gen. Elec. Credit Corp. v. Aetna Cas. & Sur. Co., 263 A.2d 448, 453 (Pa. 1970).

quiet title action. The second Order denied Appellant's Motion for Summary Judgment as moot. We dismiss this appeal.

The pro se Brief that Appellant has submitted to this Court fails to conform to the basic requirements of appellate advocacy. Appellant's Brief does not include: (1) accurate statements of the scope and standard of review; (2) a complete statement of the relevant facts and procedural history; and (3) a copy of his Rule 1925(b) Statement. See Pa.R.A.P. 2111(a) (listing required contents for appellate briefs).

Most notably, the argument section of Appellant's Brief is devoid of any citation to case law or to the record. See Appellant's Brief at 11-15. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." Eichman v. McKeon, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted). See Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." Branch Banking and Trust v. Gesiorski, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). See Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

"While this court is willing to liberally construe materials filed by a pro se litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training." Id. at 942 (citation omitted). "As our

[S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." Id. (citation omitted).

In the present case, even a liberal construction of Appellant's Brief cannot remedy the serious inadequacies. Accordingly, we dismiss the appeal due to the substantial briefing defects in Appellant's Brief, which hamper our ability to conduct meaningful appellate review. See Pa.R.A.P. 2101.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2020