J-A03017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DOUGLASS E. HOWARD, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FIRST NATIONAL BANK | : | No. 18 MDA 2019 |

Appeal from the Order Entered November 16, 2018
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2018 CV 4333 QT

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 08, 2020**

Appellant, Douglass E. Howard, Jr., appeals *pro se* from two separate Orders entered on November 16, 2018, in the Dauphin County Court of Common Pleas.[1]  The first Order sustained the Preliminary Objections filed by Appellee, First National Bank, and dismissing Appellant's Complaint in this

---

[1] Generally, when a party seeks to appeal from two separate orders entered at the same docket number, the party must file two separate notices of appeal. ***Dong Yuan Chen v. Saidi***, 100 A.3d 587, 589 n.1 (Pa. Super. 2014).  ***But see Betz v. Pueumo Abex, LLC***, 44 A.3d 27, 54 (Pa. 2012) (explaining that because "an appeal of a final order subsumes challenges to **previous** interlocutory decisions[,]" an appellant need only file one notice of appeal) (emphasis added).  Here, Appellant has filed only one Notice of Appeal, but indicated therein his intention to appeal from two separate Orders, which the trial court entered on the same day.  Although this practice is discouraged, because Appellee has not objected to Appellant having filed only one Notice of Appeal from the two Orders, and because the statutory period for taking an appeal has already expired, precluding the filing of proper appeals, we decline to quash Appellant's appeal.  ***Gen. Elec. Credit Corp. v. Aetna Cas. & Sur. Co.***, 263 A.2d 448, 453 (Pa. 1970).

quiet title action. The second Order denied Appellant's Motion for Summary Judgment as moot. We dismiss this appeal.

The *pro se* Brief that Appellant has submitted to this Court fails to conform to the basic requirements of appellate advocacy. Appellant's Brief does not include: (1) accurate statements of the scope and standard of review; (2) a complete statement of the relevant facts and procedural history; and (3) a copy of his Rule 1925(b) Statement. **See** Pa.R.A.P. 2111(a) (listing required contents for appellate briefs).

Most notably, the argument section of Appellant's Brief is devoid of any citation to case law or to the record. **See** Appellant's Brief at 11-15. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Eichman v. McKeon**, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted). **See** Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). **See** Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

"While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training." **Id.** at 942 (citation omitted). "As our

[S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." ***Id.*** (citation omitted).

In the present case, even a liberal construction of Appellant's Brief cannot remedy the serious inadequacies. Accordingly, we dismiss the appeal due to the substantial briefing defects in Appellant's Brief, which hamper our ability to conduct meaningful appellate review.[2] ***See*** Pa.R.A.P. 2101.

Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/08/2020

---

[2] Even if the substantial defects in Appellant's Brief had not rendered his issues waived, based on our review of the trial court's November 16, 2018 Orders and January 11, 2019 Statement in lieu of Rule 1925(a) Opinion, we conclude that the issues lack merit and the trial court properly dismissed Appellant's Complaint. ***See*** Orders, 11/16/18 (finding that the instant action is the same as the action filed at 2014-CV-7968-MF, sustaining Appellee's Preliminary Objections pursuant to the doctrine of *lis pendens*, dismissing Appellant's Complaint, and denying Appellant's Motion for Summary Judgment as moot).