J-A07030-15

2015 PA Super 125

| A.L.-S. | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | Appellant | |
| | V. | |
| B.S. | | |
| | Appellee | No. 1808 WDA 2014 |

Appeal from the Order October 20, 2014
In the Court of Common Pleas of Lawrence County
Civil Division at No(s): 10487 OF 2014, C.A.

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

OPINION BY LAZARUS, J.:                         **FILED MAY 27, 2015**

A.L.-S. ("Mother") appeals from the October 20, 2014 order, entered in the Court of Common Pleas of Lawrence County, denying her petition for special relief and granting B.S.'s ("Father") request for counsel fees.  In her petition, Mother requested the Lawrence County Court exercise jurisdiction in this custody matter.  After our review, we reverse and remand.

Mother and Father are the parents of two minor children, W.S., born in January 2007, and C.S., born in June 2008.  On November 1, 2013, the Cuyahoga County Court of Common Pleas in Ohio entered an order granting Father sole legal custody of the children.  The Ohio court's order awarded the parties shared physical custody of W.S., and it awarded Father primary physical custody of C.S., subject to Mother's partial custody rights.[1]  The

_____

[1] The Ohio court's order was not appealed.

older child, W.S., is non-verbal/autistic, has moderate to severe disabilities, and requires constant supervision. Both parents are physicians. Father is an orthopedic surgeon, and Mother is an OB/GYN.

The parties had resided in Cleveland, Ohio. When they separated, Father moved to Pennsylvania to live with his parents. The parties were divorced in 2012, and Mother moved to Pennsylvania in July 2013, as contemplated by their Shared Parenting Plan.[2] Mother filed a motion to register the foreign custody order in Lawrence County, Pennsylvania, and on May 8, 2014, the trial court granted that motion.[3] **See** 23 Pa.C.S.A. § 5445. Mother simultaneously filed a motion to modify custody, claiming the Ohio court inappropriately granted Father sole legal custody of the children and inappropriately granted the parties shared physical custody of W.S. Mother claimed the Lawrence County Court was the proper venue for her to pursue

_____

[2] The Shared Parenting Plan contemplated that Mother would ultimately move to Pennsylvania to be within 35 miles of Father's residence so that the parties could co-parent.

[3] The Honorable John W. Hodge entered the following order:

> AND NOW, this 8th day of May, 2014, upon consideration of the Motion to Register Custody Order filed by the Plaintiff, it is hereby ORDERED that the Order of Court issued by the Honorable Judge Diane M. Palos of the Court of Common Pleas of Cuyahoga County, Ohio, at Case No. DR 11338008 shall be registered with the Office of the Prothonotary of Lawrence County, Pennsylvania at the above term and number [Case No. 10487 of 2014].

custody as both parties currently live in Lawrence County.   ***See*** Motion to Modify Custody, 5/9/14.

Father opposed this motion, filing a Motion to Decline Jurisdiction under the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA"), 23 Pa.C.S.A. § 5423,[4] on June 4, 2014.

The trial court entered an order declining jurisdiction and directing that the order of the Cuyahoga County Court in Ohio remain registered in Lawrence County and enforceable as an order of the Lawrence County Court. The Lawrence County Court concluded it would not assume jurisdiction over the case until the Cuyahoga County Court issued an order that relinquished jurisdiction.[5]  ***See*** Order, 6/4/14.

On June 24, 2014, Mother filed a petition for special relief.  Mother averred that a custody exchange had occurred between the parties' nannies, and that Mother's nanny observed W.S. limping and, after examining his foot, noticed swelling and bruising on his foot as well as his leg.  Subsequent

---

[4] The National Conference of Commissioners on Uniform State Laws promulgated the UCCJEA, 23 Pa.C.S.A. §§ 5401-5482, in 1997, and became effective in Pennsylvania in 2004.  The UCCJEA replaced the Uniform Child Custody Jurisdiction Act (UCCJA), 23 Pa.C.SA. §§ 5341-5366 (repealed 2004).  The UCCJEA reenacts many provisions of the UCCJA.

[5] Mother avers that she has filed a petition with the Cuyahoga County Court of Common Pleas requesting it relinquish jurisdiction of the custody action. At present, there is no indication of a disposition of that petition.  ***See*** Petition for Special Relief, 10/21/14, at ¶ 23.

x-rays revealed a fracture to the child's foot, which required casting.  **See** Petition for Special Relief, 6/24/14, at ¶¶ 6-11. Mother sought primary custody pending a full hearing on custody.  **Id**. at ¶¶ 17.[6]

Father filed an answer and petition for special relief, seeking counsel fees based on Mother's "vexatious" conduct.  Specifically, Father averred: "Mother's conduct is 'vexatious'  because her Petition for Modification directly contradicts the June 4, 2014 Order of Court [which declined jurisdiction]."

The trial court denied Mother's motion to modify custody, denied Mother's petition for special relief, and denied Father's request for counsel fees.  **See** Order, 6/24/14.

On October 21, 2014, Mother filed another petition for special relief, claiming W.S. had returned home to her with bruises on his buttocks and thigh.  Mother also reiterated and requested the court exercise emergency jurisdiction pursuant to 23 Pa.C.S.A. § 5424.[7]

_____

[6] Mother alleged that W.S.'s inability to explain how he was hurt, as well as the fact that Father, an orthopedic specialist, did not recognize that his son had a fractured foot, heightened her concerns.

[7] 23 Pa.C.S.A. 5424 provides, in part:

> **(a) General rule**.--A court of this Commonwealth has temporary emergency jurisdiction if the child is present in this Commonwealth and the child has been abandoned or it is necessary in an emergency to protect the child because the child or a sibling or parent of the child is subjected to or threatened with mistreatment or abuse.

Father filed an answer to Mother's petition, as well as a petition for counsel fees. Father alleged Mother's motions were both vexatious and repetitive. *See* Answer, 10/21/14, at ¶¶ 24-46. That same day, the trial court entered an order denying Mother's petition and granting Father's request for counsel fees. *See* 23 Pa.C.S.A. § 5339; *cf. Chen v. Saidi*, 100 A.3d 587 (Pa. Super. 2014). The order stated that

> the facts and circumstances alleged in the petition do not rise to the level necessary for this court to exercise emergency jurisdiction pursuant to 23 Pa.C.S.A § 5424, this court having previously on two occasions declined to accept jurisdiction under the UCCJEA, in that the Court of Common Pleas of Cuyahoga County, Ohio, has not relinquished jurisdiction to this Court.

Trial Court Order, 10/20/14.

Mother appealed. She raises the following issues for our review:

1. Whether the trial court committed reversible error by failing to accept jurisdiction pursuant to 23 Pa.C.S. § 5423 as the Lawrence County Court of Common Pleas has jurisdiction to make an initial determination under section 5421 and there is no dispute that the parties reside in Lawrence County, Pennsylvania, and not in Ohio?

2. Whether the court committed reversible error and abused its discretion by failing to accept jurisdiction pursuant to section 5423 on the grounds that the Court of Common Pleas of Cuyahoga County, Ohio, has not relinquished jurisdiction as the UCCJEA does not require the state of original jurisdiction to relinquish custody [sic] before the courts of this Commonwealth can accept jurisdiction so long as the requirements of section 5423 are met.

3. Whether the trial court committed reversible error and abused its discretion by summarily declining to exercise emergency jurisdiction pursuant to section 5424, as

- 5 -

requested within Mother's petition for special relief, without conducting a hearing on the matter and evaluating the merits of the petition?

4. Whether the trial court committed reversible error by simply concluding that "the facts and circumstances alleged in [Mother's] Petition [for Special Relief] do not rise to the level necessary for this court to exercise emergency jurisdiction pursuant to section 5424" without addressing the claims of potential neglect or abuse that were contained within Mother's petition and explaining why such circumstances do not meet the requirements for emergency jurisdiction?

5. Whether the trial court committed reversible error and abused its discretion by granting Father's petition for counsel fees when the presentation of Father's request for such fees was in violation of the Lawrence County local rules of procedure, L208.3(a)(7), which requires litigants to provide the opposing party with at least two (2) days advance notice of their intent to present a motion and Father failed to provide any advance notice to Mother of his intent to present such request and allow Mother a meaningful opportunity to respond?

6. Whether the trial court committed reversible error and abused its discretion by granting Father's petition for counsel fees by declaring that Mother engaged in repetitive filings pursuant to section 5339 when the facts and circumstances demonstrate that Mother's filings were not repetitive but instead based upon separate and distinct issues relative to the safety of the minor child in question?

7. Whether the trial court erred or abused its discretion by granting Father's petition for counsel fees pursuant to section 5339, which is a provision established under the Child Custody Act and not any provision of the UCCJEA, thereby selectively accepting jurisdiction and enforcing certain provisions of the Child Custody Act while declining to accept and enforce the remainder of its provisions?

In evaluating whether a court of this Commonwealth may modify a custody determination made by a court of another state, we look to the UCCJEA. The purpose of the UCCJEA is to avoid jurisdictional competition, promote cooperation between courts, deter the abduction of children, avoid relitigating custody decisions of other states, and facilitate the enforcement of custody orders of other states. ***J.K. v. W.L.K***., 102 A.3d 511 (Pa. Super. 2014).

> A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

***Lucas v. Lucas***, 882 A.2d 523, 527 (Pa. Super. 2005) (citation omitted).

***See also J.K.***, ***supra***; ***J.M.R. v. J.M.***, 1 A.3d 902, 908 (Pa. Super. 2010). Based on our careful review of the record, we conclude that the trial court erred and that its decision to grant Father's motion to decline jurisdiction must be reversed. Additionally, we conclude the court's order granting Father's request for counsel fees must also be reversed.

Mother argues in her first issue that the trial court erred in refusing to exercise jurisdiction over the instant custody dispute. The trial court engaged in the following analysis:

> In evaluating whether a court of this Commonwealth may modify a custody determination made by a court of another state, the UCCJEA provides the following relevant provision:

## § 5423.  Jurisdiction to modify determination

Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth may not modify a child custody determination made by a court of another state unless a court of this Commonwealth has jurisdiction to make an initial determination under section 5421 (a)(1) or (2) (relating to initial child custody jurisdiction) and:

(1) the court of the other state determines it no longer has exclusive, continuing jurisdiction under section 5422 (relating to exclusive, continuing jurisdiction) or that a court of this Commonwealth would be a more convenient forum under section 5427 (relating to inconvenient forum); *or*

(2) *a court of this Commonwealth or a court of the other state determines that the child, the child's parents and any person acting as a parent do not presently reside in the other state*.

23 Pa.C.S.A. § 5423 [emphasis ours].

Therefore, pursuant to 23 Pa.C.S. §5423, this Court first examined whether there is jurisdiction over the instant custody matter pursuant to 23 Pa.C.S. §5421.  Section 5421 provides:

§ 5421. Initial Child Custody Jurisdiction

(a)   General Rule. – Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:

(1)      **This Commonwealth is the home state of the child on the date of the commencement of the proceeding** or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;

- 8 -

(2)    **A court of another state does not have jurisdiction under paragraph (1)** or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or 5428 (relating to jurisdiction declined by reason of conduct) **and**:

(i)    **the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this Commonwealth other than mere physical presence;** *and*

(ii)    **substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships**.

(3)    All courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of this Commonwealth is the more appropriate forum to determine the custody of the child under section 5427 or 5428; or

(4)    No court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2), or (3).

23 Pa.C.S. § 5421(a) [emphasis ours].

[The trial court concluded:]

As indicated from a strict application of Sections 5423 and 5421, this Court is unable to assume jurisdiction over the instant case unless and until all courts having jurisdiction have declined to exercise jurisdiction on the ground that a court of this Commonwealth is the more appropriate forum. To date, the Court of Common Pleas of Cuyahoga County, Ohio has not issued an Order declining jurisdiction. Consequently this Court declined to assume jurisdiction of this case.

Trial Court Opinion, 11/14/2014, at 5-7.

We disagree with the trial court's interpretation. We read section 5421 as stating that a court of this Commonwealth has jurisdiction to make an initial child custody determination if a court of another state (here, the Ohio court) does not have jurisdiction under the home state rule. Section 5402 of the UCCJEA defines "home state" as:

> The State in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child six months of age or younger, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.

23 Pa.C.S.A. § 5402. The language of the statute is clear and unambiguous— a child's home state is established if the child "lived with a parent" in that state for six consecutive months prior to the filing of a custody matter. *Id*. The parties acknowledge, and the court was aware, that both parties and the children currently reside in Lawrence County, Pennsylvania, that the parties work in Pennsylvania, that the children attend school in Pennsylvania, and that Mother resided in Pennsylvania for six months prior to filing her motion to modify custody.[8] Ohio, therefore, does not have jurisdiction under the home state rule. The parents and minor

---

[8] The Honorable Diane M. Palos of the Cuyahoga County Court in Ohio presided over the initial custody hearing in this case. Judge Palos acknowledged in her opinion and custody order of October 31, 2103 that Mother and Father had established their residences in Pennsylvania. *See* Opinion and Order, 10/31/13.

children have a significant connection with this Commonwealth other than mere physical presence, and substantial evidence is available in this Commonwealth concerning the children's care, protection, and personal relationships. 23 Pa.C.S.A. § 5421(a)(2). The trial court's analysis applies only section 5423(1), and disregards section 5423(2), despite its disjunctive language.

Further, the UCCJEA prioritizes home state jurisdiction. 23 Pa.C.S.A. § 5421. There is a clear preference under the UCCJEA for the "home state" of the child to take jurisdiction over a modification request.[9] **See T.A.M. v. S.L.M**., 104 A.3d 30 (Pa. Super. 2014) (trial court had jurisdiction to modify custody determination made by Tennessee court granting maternal grandmother custody of child; child had been living with maternal grandmother in Pennsylvania for three years, Pennsylvania was home state under UCCJEA, no parent or person acting as parent still resided in Tennessee, and mother had not been heard from in three years); **see also R.M. v. J.S.**, 20 A.3d 496 (Pa. Super. 2011) (child's home state is preferred basis for determining jurisdiction under UCCJEA).

Additionally, we point out that the Prefatory Note to the UCCJEA states that the UCCJEA has addressed the problem of simultaneous proceedings and conflicting custody orders in sections 5410, 5422 and 5426. **See** 23

---

[9] We recognize that in some cases the "home state" may not be the most appropriate forum. **See Dincer v. Dincer**, 701 A.2d 210 (Pa. 1997).

Pa.C.S.A. §§ 5401-5482-Prefatory Note, 3.  We find that the trial court's reading of the various sections of the UCCJEA has hamstrung its ability to grant relief. Rather than prioritizing the home state pursuant to section 5421, the court incorrectly prioritized section 5422 (exclusive, continuing jurisdiction).  *See* 23 Pa.C.S.A. §§ 5421, 5422.  We conclude that this was a misapplication of the law and contrary to the purpose of the UCCJEA.  *See* 23 Pa.C.S.A. § 5401.[10]  *Cf*. *A.D. v. M.A.B.*, 989 A.2d 32 (Pa. Super. 2010) (Child did not have significant connection with Pennsylvania, and thus Court of Common Pleas did not have exclusive continuing jurisdiction under UCCJEA to hear father's petition to modify child custody order; child had not

---

[10] [T]his Act should be interpreted according to its purposes which are to:

(1) Avoid jurisdictional competition and conflict with court of other states in matters of child custody which have in the past resulted in the shifting of children state to state with harmful effects on their well-being;

(2) Promote cooperation with the courts of other states to the end that a custody decree is rendered in that state which can best decide the case in the interest of the child;

(3) Discourage the use of the interstate system for continuing controversies over child custody;

(4) Deter abductions of children;

(5) Avoid relitigation of custody decisions of other states; and

(6) Facilitate the enforcement of custody decrees of other states.

23 Pa.C.S.A. § 5401, Uniform Law Comment.

resided in state for almost seven years, mother had resided in different state for almost seven years, father had no contact with child after child left state, and child's physicians, school, friends, and family all were located in different state).

In **Rennie v. Rosenthol**, 995 A.2d 1217 (Pa. Super. 2010), this Court discussed exclusive, continuing jurisdiction pursuant to the UCCJEA:

> The UCCJEA, 23 Pa.C.S.A. § 5401, *et seq.*, was promulgated by the National Conference of Commissioners on Uniform State Laws in 1997 and became effective in Pennsylvania in 2004. The UCCJEA replaced the Uniform Child Custody Jurisdiction Act ("UCCJA") as a way to rectify inconsistent case law and revise custody jurisdiction in light of federal enactments. ***One of the main purposes of the UCCJEA was to clarify the exclusive, continuing jurisdiction for the state that entered the child custody decree***. ***See*** 23 Pa.C.S.A. § 5422, cmt.; ***see also Bouzos–Reilly v. Reilly***, 980 A.2d 643, 645 (Pa. Super. 2009).
>
> * * * *
>
> Under the plain meaning of section 5422(a)(1), a court that makes an initial custody determination retains exclusive, continuing jurisdiction until neither the child nor the child and one parent or a person acting as a parent have a significant connection with [the original decree state] and substantial evidence concerning the child's care, protection, training, and personal relationships is no longer available [in the original decree state].

***Rennie***, 995 A.2d at 1220–21 (emphasis added and footnotes omitted).

The Uniform Law Comment to section 5422 provides further guidance and support for our conclusion. It states that "[t]he continuing jurisdiction of the original decree state is exclusive[,] and [i]t continues until **one** of two events occurs:

* * * *

> *2.* Continuing jurisdiction is lost when the child, the child's parents, and any person acting as a parent no longer resides in the original decree state. The exact language of subsection (a)(2) was the subject of considerable debate. Ultimately the Conference settled on the phrase that **"a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state"** to determine **when the exclusive, continuing jurisdiction of a state ended.** *. . .* It is the intention of this Act that subsection (a)(2) of this section means that the named persons no longer continue to actually live within the state. Thus, unless a modification proceeding has been commenced, when the child, the parents, and all persons acting as parents physically leave the state to live elsewhere, the exclusive, continuing jurisdiction ceases.    . . . . .[11] **If the child, the parents, and all persons acting as parents have all left the state which made the custody determination prior to the commencement of the modification proceeding, considerations of waste of resources dictate that a court in state B, as well as a court in state A, can decide that state A has lost exclusive, continuing jurisdiction.**

23 Pa.C.S.A. § 5422, Uniform Law Comment (emphasis added).

Here, the modification proceeding was commenced in Lawrence County, after the parties and the children no longer resided in Ohio, the original decree state. Mother had resided in the Commonwealth for at least six months prior to filing her motion to modify custody. Based on these undisputed facts, Ohio no longer has exclusive, continuing jurisdiction over

---

[11] To clarify, if a modification proceeding had been commenced in Ohio before the parties and children moved to Pennsylvania, exclusive, continuing jurisdiction would NOT have ceased in Ohio. Here, the modification proceeding commenced after the parties and children had moved to Pennsylvania and Mother had resided in the Commonwealth for at least six months prior to filing the motion to modify.

this child custody matter pursuant to the UCCJEA and is no longer able to enter any custody orders in this case. Pennsylvania meets the criteria for jurisdiction and, therefore, we reverse and remand this case for a determination on the merits of Mother's motion for modification.[12]

With respect to Mother's final three issues concerning the propriety of the court's order granting Father's petition for counsel fees, we agree with Mother that her filing of three petitions in these circumstances is not "repetitive" within the meaning of 23 Pa.C.S.A. § 5339. Our standard of review of an award of counsel fees is well settled: we will not disturb a trial court's determination absent an abuse of discretion. **Verholek v. Verholek**, 741 A.2d 792, 795 (Pa. Super. 1999). A trial court has abused its discretion if it failed to follow proper legal procedures or misapplied the law. **Id**. **See also Thunberg v. Strause**, 682 A.2d 295 (Pa. 1996) (appellate court's scope of review in cases involving counsel fees is limited to determining whether trial court abused its discretion).

Section 5339 provides the authority for the award of counsel fees and costs in custody matters, not only in cases of contempt, but also in cases where a party's conduct is "obdurate, vexatious, repetitive or in bad faith." 23 Pa.C.S.A. § 5339. Section 5339 states:

---

[12] Because we agree with Mother's claims in issues 1 and 2, we find it unnecessary to address issues 3, 4 and 7.

> Under this chapter, a court may award reasonable interim or final counsel fees, costs and expenses to a party if the court finds that the conduct of another party was obdurate, vexatious, **repetitive** or in bad faith.

23 Pa.C.S.A. § 5339 (emphasis added). As this Court noted in **Chen**, **supra**, this language is essentially identical to the language in sections 2503(7) and (9) of the Judicial Code, which allows an award of counsel fees under the following circumstances:

> (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

> (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

42 Pa.C.S.A. §§ 2503(7), (9). "The distinction between section 5339 of the Domestic Relations Code and section 2503 of the Judicial Code is simply the addition of the word `repetitive.'" **Chen**, 100 A.3d at 591.

Here, the trial court awarded Father counsel fees based on its conclusion that Mother's filings were "repetitive" within the meaning of section 5339. The trial court states that this conclusion is supported by "the record developed in the instant case, in addition to the Opinion issued by the Cuyahoga County Court[.]" Trial Court Opinion, **supra** at 11. We disagree.

As indicated above, Mother filed her first motion for modification in May 2014, after the Lawrence County Court registered the Ohio decree. Her second motion, filed one month later, after the court declined to exercise jurisdiction, sought special relief in the form of emergency jurisdiction based

on W.S.'s injuries. Father filed a petition for counsel fees claiming Mother's actions were "vexatious." The trial court denied Father's petition. Four months later, on October 21, 2014, Mother filed another petition for special relief, claiming W.S. had returned home to her with new bruises on his buttocks and thigh. Mother also reiterated her request that the court exercise emergency jurisdiction. Father filed a petition for counsel fees, claiming Mother's motions were vexatious and repetitive, and the trial court granted Father's request.

The court, in its order, pointed out that that the circumstances did not warrant its exercise of emergency jurisdiction, and that it had "previously on two occasions declined to accept jurisdiction under the UCCJEA, in that the Court of Common Pleas of Cuyahoga County, Ohio, has not relinquished jurisdiction to this Court." Order, 10/21/14, at 2. The court, therefore, granted Father's petition for counsel fees "based upon [Mother's] repetitive filings pursuant to 23 Pa.C.S.A. [§] 5339[.]"

A suit is "vexatious," such as would support an award of counsel fees in a child custody case, if it is brought without legal or factual grounds and if the action served the sole purpose of causing annoyance. *In re the Barnes Foundation*, 74 A.3d 129 (Pa. Super. 2013) (interpreting 42 Pa.C.S.A. § 2503(7)). Here, because the trial court's orders declining jurisdiction are in error, and those orders provided, in part, the basis of the court's order granting counsel fees, we find it necessary to reverse that order. Further, although repetition alone may be grounds for imposition of counsel fees, we

- 17 -

conclude that the circumstances here do not warrant an award. ***Chen***, ***supra***. The award of counsel fees is not supported by the record.[13]

Order reversed. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2015

_____

[13] Because we reverse the order granting counsel fees, we need not address issue 5, where Mother claims Father violated local rules of procedure in filing his petition for counsel fees.