J-S22011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.R. & M.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.W. & K.S. | : | No. 8 MDA 2020 |
| v. | : | |
| | : | |
| | : | |
| HAMILTON CO. DEPT. OF JOBS AND | : | |
| FAMILY SERVICES | : | |

Appeal from the Order Entered December 3, 2019
In the Court of Common Pleas of Union County Civil Division at No(s):
19-815

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.*

MEMORANDUM BY OLSON, J.:                    **FILED MAY 22, 2020**

Appellants, J.R. and M.S. (collectively, "Grandparents"), appeal from the December 3, 2019 order dismissing their complaint for custody and petition for emergency special relief.  We affirm.

The facts and procedural history of this case are as follows.  C.S.1., C.S.2., M.S., N.S., and K.S. (collectively, the "Children"), all of which have special medical and developmental needs, lived with their parents, J.W. and K.S. (collectively, the "Parents"), in Hamilton County, Ohio.  In 2016, Hamilton County Department of Job and Family Services ("HCJFS") removed the Children after their brother, A.S., died from injuries allegedly sustained while

_____

* Retired Senior Judge assigned to the Superior Court.

in Parents' care. Thereafter, HCJFS filed a complaint for dependency in the Hamilton County Court of Common Pleas of Ohio and the court issued an order vesting interim custody of the Children with HCJFS.

Initially, HCJFS placed the Children in "various foster and institutional placements." Trial Court Opinion, 1/7/20, at *1 (un-paginated). In 2018, however, HCJFS placed the eldest child, K.S., with Grandparents, who live in Union County, Pennsylvania. *Id*. HCJFS placed the other four children in the care of M.S. and L.S. ("Foster Parents"), who live in Schuler Falls, New York. *Id*.

On November 12, 2019, Grandparents filed a complaint for custody in the Court of Common Pleas of Union County, seeking primary physical and shared legal custody of the Children. Then, on November 15, 2019, Grandparents filed a petition for emergency special relief, seeking temporary emergency physical and legal custody of the Children. In Grandparents' petition, they claimed that the Foster Parents failed to adequately care for C.S.1., C.S.2., M.S., and N.S. in light of their special medical and developmental needs. Grandparents included multiple examples of alleged misconduct, including a claim that, as a result of the Foster Parents' failures, C.S.2. was hospitalized at Children's Hospital of Philadelphia ("CHOP") with liver failure.

"Pursuant to the requirements of the Uniform Child Custody Jurisdiction and Enforcement Act [("UCCJEA"), 23 Pa.C.S.A. § 5401 *et seq*., the trial] court conducted an[] on the record conference with the Honorable Sylvia Hendon of

- 2 -

the Hamilton County, Ohio court system." *Id.* at *2. During the conference, the trial court was informed that the Children were "all in the custody of [HCJFS]" because the "[i]ssues concerning the dependency of the [C]hildren and their placement [were still] pending in the appellate courts of the state of Ohio." *Id.* at *1-2. In addition, the trial court learned that "[o]ne child [was] placed with [Grandparents]" and the "other four children were placed in [a] foster home . . . in New York." *Id.* at *2. Accordingly, the trial court determined that it lacked jurisdiction and subsequently entered an order dismissing Grandparents' complaint for custody and petition for emergency special relief. Trial Court Order, 12/3/19, at 1. This timely appeal followed.[1]

Grandparents raise the following issues on appeal:

I.   Did the trial court err or abuse its discretion by finding that it did not have jurisdiction concerning any of the [C]hildren?

II.  Did the trial court err or abuse its discretion by dismissing [Grandparents'] . . . petition for emergency special relief?

Grandparents' Brief at 4.

"In evaluating whether a court of this Commonwealth may [exercise jurisdiction over] a custody determination made by a court of another state, we look to the UCCJEA." *A.L.-S. v. B.S.*, 117 A.3d 352, 356 (Pa. Super.

---

[1] Grandparents filed a notice of appeal and a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) on December 23, 2019. The trial court issued its opinion pursuant to Pa.R.A.P. 1925(a) on January 7, 2020.

2015). "The purpose of the UCCJEA is to avoid jurisdictional competition, promote cooperation between courts, deter the abduction of children, avoid [the relitigation of] custody decisions of other states, and facilitate the enforcement of custody orders of other states." *Id.*

> A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

*Wagner v. Wagner*, 887 A.2d 282, 285 (Pa. Super. 2005), *quoting* *Lucas v. Lucas*, 882 A.2d 523, 527 (Pa. Super. 2005) (citation omitted).

First, Grandparents allege that the trial court erred in dismissing their complaint for custody because, pursuant to 23 Pa.C.S.A. § 5423, the trial court had jurisdiction to modify the custody order issued by the Hamilton County Court of Common Pleas of Ohio.

Section 5423 provides:

> Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth may not modify a child custody determination made by a court of another state unless a court of this Commonwealth has jurisdiction to make an initial determination under section 5421(a)(1) or (2) (relating to initial child custody jurisdiction) and:
>
> > (1) the court of the other state determines it no longer has exclusive, continuing jurisdiction under section 5422 (relating to exclusive, continuing jurisdiction) or that a court

- 4 -

of this Commonwealth would be a more convenient forum under section 5427 (relating to inconvenient forum); or

(2) a court of this Commonwealth or a court of the other state determines that the child, the child's parents and any person acting as a parent do not presently reside in the other state.

23 Pa.C.S.A. § 5423. Thus, to modify another state's custody determination, a court of this Commonwealth must first determine whether it would have jurisdiction to make an initial determination over the custody matter pursuant to 23 Pa.C.S.A. § 5421. Section 5421 provides, in relevant part:

(a) General Rule.—Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:

(1) This Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;

23 Pa.C.S. § 5421(a)(1). A child's "home state" is defined as:

The State in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. …A period of temporary absence of any of the mentioned persons is part of the period.

23 Pa.C.S.A. § 5402.

Herein, Grandparents assert that the trial court could modify Hamilton County's custody order because K.S. has lived in Pennsylvania since 2018. In Grandparents' complaint for custody, however, they sought primary physical

- 5 -

and shared legal custody of **all** the Children. Accordingly, in order for the trial court to exercise jurisdiction over the claims raised in Grandparents' complaint for custody, C.S.1., C.S.2., M.S., and N.S. (in addition to K.S.) needed to live in the Commonwealth "for at least six consecutive months immediately before the commencement of [the] child custody proceeding." 23 Pa.C.S.A. § 5402. C.S.1., C.S.2., M.S., and N.S. have never lived in the Commonwealth. Indeed, since 2018, they have lived in Schuler Falls, New York with the Foster Parents. Accordingly, the Commonwealth is not their home state. As such, the trial court correctly determined that it lacked jurisdiction to modify Hamilton County's custody order and dismissed Grandparents' complaint for custody.

Next, we address Grandparents' claim that the trial court erred in dismissing their petition for emergency special relief. Section 5424 of the UCCJEA outlines a trial court's authority to assume temporary emergency jurisdiction. It provides, in relevant part, that

> [a] court of this Commonwealth has temporary emergency jurisdiction if the child is present in this Commonwealth and the child has been abandoned or it is necessary in an emergency to protect the child because the child or a sibling or parent of the child is subjected to or threatened with mistreatment or abuse.

23 Pa.C.S.A. § 5424(a).

In Grandparents' petition for emergency special relief, they sought emergency custody of C.S.1., C.S.2., M.S., and N.S. and alleged that the Foster Parents did not adequately care for them. Grandparents, however, failed to assert that C.S.1., M.S., and N.S. were present in the Commonwealth

- 6 -

when they filed the petition. Indeed, Grandparents sought to invoke the trial court's jurisdiction by alleging that

> [] Grandparents, K.S., and [] [P]arents all reside in Union County, Pennsylvania, a custody action has already been commenced in Union County, and C.S.[2.] is physically present in Pennsylvania at CHOP.

Grandparents' Petition for Emergency Special Relief, 11/15/19, at ¶ 14. The fact that C.S.1., M.S. and N.S. were not present in the Commonwealth when Grandparents filed their petition is fatal to their claim. **See** 23 Pa.C.S.A. § 5424(a) ("[a] court of this Commonwealth has temporary emergency jurisdiction if the child is **present in this Commonwealth**[.]") (emphasis added). Therefore, the trial court correctly dismissed Grandparents' petition.

Based upon the foregoing, we affirm the trial court's order dismissing Grandparents' complaint for custody and petition for emergency special relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/22/2020

- 7 -