J-S03003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT P. HENRY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHELLE F. HENRY | : | No. 694 WDA 2020 |

Appeal from the Order Entered June 18, 2020
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  1056 of 2015 - D

BEFORE:   DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 09, 2021**

Appellant, Robert P. Henry ("Father"), appeals from the June 18, 2020 Order that dismissed Father's Petition for Contempt and Special Relief against Appellee, Michelle F. Henry ("Mother"), and awarded counsel fees to Mother. Upon review, we affirm.

A detailed recitation of the factual and procedural history is unnecessary to our disposition.  Briefly, Father and Mother are parents to 13-year-old M.R.H. ("Child").  A September 14, 2015 Custody Order awarded the parties shared legal custody, Mother primary physical custody, and Father partial physical custody on alternating weekends.  A December 17, 2015 Consent Order further refined Father's partial physical custody schedule, but kept all other provisions of the September 14, 2015 Order in full force and effect.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On March 13, 2020, Father filed a Petition to Modify Custody. On or around April 22, 2020, Father provided the trial court with a Petition for Contempt and Special Relief ("Contempt Petition"); Father did not file the Petition until June 12, 2020. In the Contempt Petition, Father alleged that Mother was in contempt for violating the parties' verbal agreement regarding where Child would shelter during the beginning of the COVID-19 pandemic, and which activities were safe during the pandemic. Father averred that, despite an agreement that Child would stay with Father during the week, Child did not return to Father's care after a weekend visit with Mother. Additionally, Father averred that Mother engaged Child in custody matters and took Child to social gatherings that Father did not agree to, including an outdoor cookout at a neighbor's house, which was not in Child's best interest. Father requested, *inter alia*, that the court find Mother in contempt, grant him primary physical custody of Child for the remainder of the pandemic, and order Mother to pay his counsel fees.

Mother filed an Answer and Amended Answer to the Petition. Mother denied agreeing to a permanent change in the custody arrangement, and explained that she agreed for Child to shelter with Father temporarily because Mother worked as a nurse and it was unknown at the time whether it would be safe for Child to reside with Mother when the COVID-19 pandemic commenced. Mother also denied Father's allegation that she took Child to a cookout at a neighbor's house. Mother asserted, *inter alia*, that Father was confusing two different events. Mother clarified that Child did not attend the

"cookout" in question, which was actually a drive-through, socially distant, take-out barbeque food event. Mother further admitted that she and Child visited one neighbor outside for under one hour, remained ten feet apart, and wore facemasks to protect against the COVID-19 virus during the visit. Mother requested that the trial court deny Father's Contempt Petition and order Father to pay her counsel fees.

The trial court scheduled a status conference for June 17, 2020, and later changed the listing from a "conference" to a "hearing" to address Father's request for a change in custody.

At the June 17, 2020 hearing, the trial court heard in-person testimony from Father and telephonic testimony from Mother. After hearing testimony from both parties, the trial court denied the Contempt Petition, ordered that the December 17, 2015 Order remain in full force and effect, and awarded Mother $500 in counsel fees.

Father timely appealed. The trial court complied with Pa.R.A.P. 1925. Father failed to file a Rule 1925(b) Statement of Errors Complained of on Appeal contemporaneously with his Notice of Appeal. *See* Pa.R.A.P. 1925(a)(2)(i), (b). However, we decline to dismiss on this basis because no party asserted prejudice. *In re K.T.E.L.*, 983 A.2d 745, 747 (Pa. Super. 2009).

Father raises the following issues on appeal:

1. Did the trial court err in awarding attorney's fees where the contempt action was not filed frivolously or in bad faith?

- 3 -

2. Did the trial court err in awarding attorney's fees where the matter was scheduled for a status conference, not for a hearing.

3. Did the trial court err in awarding attorney's fees where [Mother] was not present in person, despite a court order requiring her presence in person at the status conference?

Father's Br. at 4 (some capitalization omitted; reordered for ease of disposition).

In all three of his issues, Father challenges the trial court's award of counsel fees to Mother. We review a trial court's award of counsel fees for an abuse of discretion. *A.L.-S. v. B.S.*, 117 A.3d 352, 361 (Pa. Super. 2015). "A trial court has abused its discretion if it failed to follow proper legal procedures or misapplied the law." *Id.* (citations omitted).

In custody cases, a trial court may award counsel fees "if the court finds that the conduct of another party was obdurate, vexatious, repetitive or in bad faith." 23 Pa.C.S. § 5339. "A suit is 'vexatious,' such as would support an award of counsel fees in a child custody case, if it is brought without legal or factual grounds and if the action served the sole purpose of causing annoyance." *A.L.-S.*, 117 A.3d at 362 (citations omitted). "The relentless pursuit of a claim which plainly lacks legal merit warrants an award of counsel fees." *Miller v. Nelson*, 768 A.2d 858, 862 (Pa. Super. 2001).

Statutes awarding counsel fees do not serve to punish those who initiate legal actions that are ultimately unsuccessful or seek to develop new theories in the law. *Dong Yuan Chen v. Saidi*, 100 A.3d 587, 592 (Pa. Super. 2014). "Rather, the statute focuses attention on the conduct of the party from whom

counsel fees are sought and on the relative merits of that party's claims." *Id*. (citation omitted).

In Father's first issue, he avers that the trial court abused its discretion when it awarded Mother counsel fees because he did not file the Contempt Petition obdurately, vexatiously, repetitively, or in bad faith. Father's Br. at 14. Rather, Father argues, he harbored a "genuine concern for [Child]'s well-being and a genuine complaint with a legal basis and factual grounds regarding Mother's violations of the shared legal custody provisions of the parties' custody orders." *Id*. Father is not entitled to relief.

Here, the trial court made a finding, which is supported in the record, that Father's conduct in filing and pursuing the Contempt Petition was vexatious because all of the issues raised at the hearing were either moot or lacked a factual basis, and Father pursued the Contempt Petition for the sole purpose of causing annoyance. Trial Ct. Op., dated 8/14/20, at 14.

The trial court recognized that the controlling Custody Orders allowed the parties to enter into a verbal agreement "but once one of the parties no longer agreed to the terms, they are to follow the terms of the formal [C]ustody [O]rders signed by [the trial] court." *Id*. at 6. Accordingly, the trial court found that Mother "was not in contempt as she could not be in violation of a verbal agreement when there were two (2) valid [C]ustody [O]rders in place and [Mother] was following the provisions of those [O]rders of court." *Id*. at 5.

The trial court also made a finding that Father was aware that Child did not attend a neighborhood cookout, as alleged in the Contempt Petition, because Father admitted such during the hearing and Mother provided that information in her Answer. *Id*. at 6. The trial court opined, "based on [Father]'s testimony, the barbeque issue was moot and [Father] knew it was moot well in advance of the hearing on June 17, 2020. [Father] made no effort to inform the court that the issue was moot or withdraw the issue prior to the hearing." *Id*. at 7. Moreover, the trial court concluded, Mother would not be in contempt even if she had taken Child to the drive-through, socially distant, take-out barbeque event because the controlling Custody Orders did not prohibit attending such an event. *Id*.

Likewise, the trial court found that Mother and Child's outdoor visit with a neighbor did not violate any controlling Custody Orders. *Id*. at 8. Accordingly, the trial court concluded that all of Father's claims were either moot or had no basis in law or fact.[1] *Id*. at 9.

Finally, the trial court made a finding that Father's "insistence on moving forward" with his Contempt Petition served no other purpose than to cause

---

[1] In his Contempt Petition, Father also averred that Mother engaged Child in custody matters. To demonstrate this, Father attached text messages as an Exhibit to his Contempt Petition, however, Father failed to enter those text messages into evidence at the hearing. Father concedes that he did not meet his burden with regard to this issue, and asserts a nonsensical argument that the trial court is to blame for his failure to meet his burden. Father's Br. at 17.

annoyance.  *Id*.  The trial court noted that Father also had a Petition to Modify Custody pending before the court, which was scheduled to be heard on June 29, 2020.  *Id*. at 10. The trial court opined:

> [Father], knowing that his allegations of contempt were either moot or lacked a legal or factual basis, and knowing that he was going before the Custody Conciliation Hearing Officer eleven (11) days later, insisted on bringing this matter to court.  The court has serious reservations about [Father]'s motives for going forward with his [Contempt Petition].  The court believes that [Father] was attempting to obtain full custody of [Child] ahead of the conciliation conference on his Petition for Modification.  It is believed that [Father] proceeded with this petition as an attempt to gain the upper hand for the Petition for Modification.

*Id*.

As stated above, the record supports the trial court's findings that Father was aware that the allegations in his Contempt Petition were moot or lacking in legal basis, and, nevertheless, he proceeded to court on the Contempt Petition for the sole purpose to cause annoyance.  Accordingly, the trial court did not abuse its discretion when it concluded that Father's conduct was vexatious and awarded Mother $500 in counsel fees.

In his remaining two issues, Father avers that the trial court erred in awarding counsel fees where the court (1) scheduled the matter for a status conference, and then held a hearing instead, and (2) allowed Mother to testify via telephone.  Father's Br. at 12, 23.  At the hearing, Father failed to object to both.  Thus, we find these issues to be waived.  *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Even if Father had preserved these issues for our review, his arguments in support of each issue are substantially underdeveloped. In his Brief, Father provides a one-paragraph argument for each issue, and fails to cite any relevant legal authority to support his arguments. This hampers our ability to conduct meaningful appellate review, and provides this Court with another basis to find waiver. *See In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (finding waiver where the argument portion of an appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority).

In conclusion, the trial court did not abuse its discretion when it found Father's conduct to be vexatious and awarded Mother $500 in counsel fees.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2021