J-S07022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M. & W.K. AND G.K. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.D. | : | No. 1803 MDA 2018 |

Appeal from the Order Entered October 4, 2018
In the Court of Common Pleas of Franklin County Civil Division at No(s):
2018-1667

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED APRIL 10, 2019**

M.K. ("Paternal Grandfather"), W.K. ("Paternal Grandmother"), and G.K. ("Father") appeal from the order granting the Petition for Special Relief filed by M.D. ("Mother") in the custody action over the four-year-old natural child of Mother and Father ("Child"). Paternal Grandparents and Father challenge the court's awarding Mother attorneys' fees for Paternal Grandparents and Father repeatedly and knowingly engaging in discussions of false claims of child abuse without reasonable cause or good faith, such that others made unfounded reports of abuse. We affirm.

Paternal Grandparents initiated this action by filing a complaint for custody in April 2018. Father filed a cross-complaint for custody in June. The court held a hearing and entered an order granting Mother primary physical

_____

\*   Retired Senior Judge assigned to the Superior Court.

custody and granting Father, who resides with Paternal Grandparents, partial physical custody on alternating weekends.[1]

Approximately three months later, in September 2018, Mother filed a Petition for Special Relief alleging that Father and/or Paternal Grandparents had caused four reports to be made to Franklin County Children and Youth Services ("CYS") alleging child abuse. The Petition specified that when Paternal Grandmother testified at the custody hearing, she admitted that she twice told mandated reporters that Mother was neglecting Child, which resulted in the mandated reporters referring the case to CYS. CYS found both reports of abuse to be unfounded.[2] The Petition further alleged that Father and/or Paternal Grandparents made a third report shortly after the custody hearing, claiming that the child's babysitter had sexually assaulted the child. The Petition alleged that the allegations were false and that CYS determined the report to be unfounded. The Petition also alleged that a fourth report of abuse falsely claimed that Mother had abused Child, and CYS had determined the report was unfounded. The Petition argued that each of the four reports made to CYS were due to the actions of Father and Paternal Grandparents in

---

[1] After being initially dismissed from the case for lack of standing, Grandparents became co-plaintiffs to Father's custody action in August 2018.

[2] An "unfounded" report is one where there has been neither a judicial nor an administrative finding of abuse. In contrast, a "founded" report is one for which there has been a judicial determination that the child has been abused, and an "indicated" report is where there has been an administrative determination that there exists substantial evidence that the child was abused. *See R. v. Com., Dep't of Pub. Welfare*, 636 A.2d 142, 144 n.1 (Pa. 1994) (citing 23 Pa.C.S.A. § 6303).

falsely alleging abuse, and that the repeated investigations into abuse were not in Child's best interest. Mother sought to have Father's periods of physical custody supervised, and sought the award of "reasonable costs and attorney fees" in connection with the Petition, pursuant to 23 Pa.C.S.A. § 5339. Petition, 9/14/18, at 3 (unpaginated).

The court scheduled a hearing on the Petition for October 3, 2018. Prior to the hearing, on September 17, 2018, the court ordered CYS to turn over all records related to abuse against Child for an *in camera* review by the court.

At the beginning of the hearing, the court confirmed that it had received the CYS records.[3] Counsel for Father and Paternal Grandparents requested that the court disclose any information that would be "germane to the hearing." N.T., 10/3/2018, at 5. The court responded that the names of the sources referring the reports of abuse were confidential and had been redacted from the CYS records. The court also said that the fourth report contained allegations of sexual abuse, and that CYS had determined those allegations were unfounded. Counsel for Father and Paternal Grandparents responded, "Right. So there's – okay. Thank you." *Id.* at 6.

Mother testified that she believed Father and Paternal Grandparents had been the source of the reports, and testified regarding the amount of attorneys' fees she had paid in relation to the Petition for Special Relief and

---

[3] The CYS reports were not admitted as evidence at the hearing, and accordingly were not made part of the certified record or transmitted to this Court.

hearing. Paternal Grandparents and Father also testified and said that they had caused the first three CYS investigations by reporting suspicions of abuse to mandatory reporters, but that they had not made any false or malicious allegations of abuse. They claimed, however, that they had nothing to do with the origin of the fourth CYS report. Paternal Grandmother testified that she told members of her church community to pray for Child, to ensure that Child would not be abused "again," but said she did not disclose any details about the alleged abuse. *Id.* at 54-55, 58-59.

Following the testimony, the judge stated on the record that he learned from his review of the CYS records that the fourth report originated when "[a] grandmother approached the refer[r]al source about concerns of suspected child abuse of her granddaughter." *Id.* at 82. The court noted that the allegations closely tracked those of a previous report. The court concluded that Father and Paternal Grandparents' testimony that they had no knowledge of or responsibility for the fourth report was not credible. The court denied Mother's request to modify custody, but ordered Father and Grandparents to pay Mother's attorneys' fees in the amount of $1,354.[4]

Father and Grandparents filed a motion for reconsideration, which the court denied. In the order denying the motion, the court explained that it did not sanction Father and Grandparents for reporting suspected abuse to CYS. Rather, the court stated that it had done so for their "continuing to discuss

---

[4] The written order memorializing the court's order was dated October 3, 2018, but stamped and docketed on October 4, 2018.

such knowingly erroneous accusations in such graphic detail that strangers are compelled to make such reports" and for "proceed[ing] to take the stand in this Courtroom and provide this Court with false information by denying any such conversation ever occurred." Order, 10/19/18, at 1. The court explained that while CYS had already declared the previous allegations to be unfounded, the final report contained identical allegations to a previous report, and that Father and Paternal Grandparents had acted without reasonable cause or good faith by continuing to discuss the unfounded incidents, causing the new report to be made. The court also stated that Father and Paternal Grandparents could not shield themselves from responsibility for making false allegations by having others report their suspicions of abuse to CYS in their stead. The court found their "relentless and insistent focus on these false allegations to be directly detrimental to the child." *Id.* at 2.

Father and Grandparents appealed, and raise the following:

1. Whether the court's undocketed order to Appellants to not make a report of child abuse, that is later determined to be "unfounded", constitutes a valid order when the Child Protection Act does not prohibit the making of such reports?

2. Whether the court violated Appellants' due process rights when the court used confidential identifying data from a child abuse report, in violation of the Child Welfare Act, that also constituted hearsay evidence that was never subjected to cross[-

]examination and was never admitted into evidence by the parties?

3. Whether the court erroneously conflated "unfounded" with "bad faith," to improperly deny Appellants the benefit of the immunity provided under the Child Welfare Act?

Father and Paternal Grandparents' Br. at 9. As the first and third issues are intertwined, we will address them together. However, we will begin with the second issue.

### I. Court's Consideration of Confidential Reports

Father and Paternal Grandparents contend the court erred in considering the contents of the CYS reports. They claim that the reports were confidential and there was no exception for the release of the information under 23 Pa.C.S.A. §§ 6340 and 5329.1. Father and Paternal Grandparents also complain that the reports were inadmissible as evidence at the hearing, as they contain hearsay. At the same time, Father and Paternal Grandparents claim that the court violated their due process rights in not admitting the reports into evidence or allowing Father and Paternal Grandparents to cross-examine the referral sources. Father and Paternal Grandparents' Br. at 17-20.

This issue is waived. Father and Paternal Grandparents did not object to the trial court's consideration of the records at the time of the hearing or when the court ordered the records for its own review. They did not raise the issue of the court's review of the records until they included it in their motion for reconsideration. Father and Paternal Grandparents also did not move for discovery of the CYS records, or otherwise attempt to present to the trial court

any reasons why confidentiality should be set aside in this case. They have thus waived this issue for review. *See Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009) ("Pennsylvania law is clear that claims and objections that are not timely made are waived"); *S.W. v. S.F.*, 196 A.3d 224, 233 (Pa.Super. 2018) ("It is axiomatic that in order to preserve a trial objection for review, trial counsel is required to make a timely, specific objection during trial").

Were the claim not waived, we would conclude that no relief is due. While the Child Protective Services Law ("CPSL") provides that reports concerning allegations of child abuse made pursuant the CPSL are confidential, there are exceptions to that rule. *See* 23 Pa.C.S.A. §§ 6339, 6340. Specifically, under Section 6340(a)(5.1), reports shall be made available to "[a] court of common pleas in connection with any matter involving custody of a child[.]" 23 Pa.C.S.A. § 6340(a)(5.1).

Here, the parties were before the court on a custody matter. The particular petition before the court, Mother's Petition for Special Relief, requested that the court modify the custody order to provide that Father's exercise of physical custody be supervised, to prevent Father from making future allegations of abuse against Mother during his exercise of custody. The court awarded attorneys' fees under Section 5339 of the Domestic Relations Code, which pertains to child custody matters. *See* 23 Pa.C.S.A. § 5339. As the court was charged with deciding a custody issue, and awarded attorney's fees based on the parties actions during the custody case, the court had authority to review the CYS reports. 23 Pa.C.S.A. § 6340(a)(5.1).

## II. Court's Award of Counsel Fees

Father and Paternal Grandparents claim the court erred in sanctioning them for making allegations of abuse that resulted in unfounded reports because the CPSL prohibits penalties for making, or causing to be made, good-faith reports of child abuse. Father and Paternal Grandparents' Br. at 15-16 (citing 23 Pa.C.S.A. §§ 6312, 6318), 22. Father and Paternal Grandparents argue that allegations that result in unfounded reports are not necessarily false or made in bad faith, and that the court erred in concluding that any of the instant reports had been made in bad faith, as none of the allegations were determined to be false. *Id.* at 16 (citing 23 Pa.C.S.A. § 6336(a)(17)), 21-22. Father and Paternal Grandparents also argue that they did not directly report any abuse to CYS, there was no evidence that any third parties who reported abuse did so in bad faith, and reports by mandatory reporters carry a presumption of good faith. *Id.* at 22 (citing 23 Pa.C.S.A. § 6318(c)).

"Our standard of review of an award of counsel fees is well settled: we will not disturb a trial court's determination absent an abuse of discretion." ***Dong Yuan Chen v. Saidi***, 100 A.3d 587, 591 (Pa.Super. 2014) (quoting ***Verholek v. Verholek***, 741 A.2d 792, 795 (Pa.Super. 1999)). "A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will." ***In re K.R.***, 200 A.3d 969, 978 (Pa.Super. 2018) (quoting ***In re T.S.M.***, 71 A.3d 251, 267 (Pa. 2013)).

Under 23 Pa.C.S.A. § 5339, "a court may award reasonable interim or final counsel fees, costs and expenses to a party if the court finds that the conduct of another party was obdurate, vexatious, repetitive or in bad faith." Because Section 5339 is nearly identical to Section 2503 of the Judicial Code, we have previously looked to case law interpreting Section 2503 for guidance in applying Section 5339. **See Dong Yuan Chen**, 100 A.3d at 591-92; **A.L.-S. v. B.S.**, 117 A.3d 352, 361 (Pa.Super. 2015). Under Section 2503, "bad faith" encompasses "fraud, dishonesty, or corruption." **Hart v. Arnold**, 884 A.2d 316, 342 (Pa.Super. 2005) (quoting **Thunberg v. Strause**, 682 A.2d 295, 299 (Pa. 1996)).

The CPSL provides that a person "acting in good faith" in making a report of suspected child abuse "shall have immunity from civil and criminal liability that might otherwise result from" making such a report. 23 Pa.C.S.A. § 6318(a)(1). In addition, the CPSL invites any person to report suspected child abuse, "or cause a report of suspected child abuse to be made" to CYS, "if that person has reasonable cause to suspect that a child is a victim of child abuse." 23 Pa.C.S.A. § 6312.

Here, the court explained that it did not award Mother attorneys' fees because Father and Paternal Grandparents reported suspected abuse to CYS. Indeed, the court could not have sanctioned Father and Paternal Grandparents on this basis, because Father and Paternal Grandparents never directly reported abuse to CYS. Even assuming Father and Paternal Grandparents were acting in good faith by repeating the allegations to third parties, the immunity

of 23 Pa.C.S.A. § 6318(a)(1) does not extend to the actions of those who do not directly report abuse, such as Father and Paternal Grandparents.

Furthermore, the court granted Mother attorneys' fees because it found that Father and Paternal Grandparents had continued to publicly discuss previous allegations of abuse which had already been declared unfounded to such an extent that others reported the allegations, and, moreover, that Father and Paternal Grandparents had testified falsely. *See* Trial Court Opinion, filed November 21, 2018, at 6. The court recognized that "unfounded" reports are not necessarily false. *Id.* at 3. However, the court found that in the case at hand, Father and Paternal Grandparents "continue[d] to repeat identical allegations with members of the community" knowing the allegations are false, and, "at the very least," discussed the allegations "without good faith or a reasonable belief" that they were true. *Id.* at 3-4, 6. The court also found the actions of Father and Paternal Grandparents, in causing repeated investigations, "have a direct harmful effect on the subject child." *Id.* at 5. We discern no abuse of discretion in awarding Mother attorneys' fees in the amount of $1,354 on the trial court's stated bases.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/10/2019

- 10 -